## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICK MICHAEL WRIGHT,**
**PATRICIA SUSAN WRIGHT,**
**DEBORAH ANN COX,**
**RICHARD L. ARMSTRONG,**
**DONALD R. REYNOLDS, and**
**DEBORAH L. WYCKOFF**

> ELECTRONICALLY
> FILED
> Sep 10 2020
> U.S. DISTRICT COURT
> Northern District of WV

       **Plaintiffs,** on behalf of themselves
and a class of similarly situated persons,

    **v.**

Civil Action No.:  **1:20-CV-222 (Keeley)**

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

## **CLASS ACTION COMPLAINT**

## <u>TABLE OF CONTENTS</u>

I.      JURISDICTION AND VENUE ........................................................................ 1

II.     PARTIES .......................................................................................................... 1

III.    CLASS DEFINITION........................................................................................ 3

IV.     CLASS ACTION ALLEGATIONS .................................................................. 5

    A.      NUMEROSITY - Federal Rule of Civil Procedure 23(a)(l)............................. 5

    B.      COMMONALITY - Federal Rule of Civil Procedure 23(a)(2) ......................... 5

    C.      TYPICALITY - Federal Rule of Civil Procedure 23(a)(3) ................................... 6

    D.      ADEQUACY OF REPRESENTATION - Federal Rule of Civil Procedure
           23(a)(4)......................................................................................................... 6

    E.      PREDOMINANCE AND SUPERIORITY – Federal Rule of Civil Procedure
           23(b)(3) ....................................................................................................... 7

V.      FACTS SUPPORTING CLAIMS OF PLAINTIFFS AND THE CLASS ........................ 7

    A.      INTERESTS OWNED BY PLAINTIFFS DEBORAH ANN COX, PATRICIA
           SUSAN WRIGHT AND PATRICK MICHAEL WRIGHT,  IN DODDRIDGE
           COUNTY, WEST VIRGINIA................................................................................ 7

    B.      INTERESTS OWNED BY PLAINTIFFS DEBORAH ANN COX, PATRICIA
           SUSAN WRIGHT AND PATRICK MICHAEL WRIGHT,  IN HARRISON
           COUNTY, WEST VIRGINIA............................................................................... 38

    C.      INTERESTS OWNED BY PLAINTIFF RICHARD L. ARMSTRONG IN
           DODDRIDGE COUNTY, WEST VIRGINIA ........................................................ 41

    D.      ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF RICHARD L.
           ARMSTRONG IN HARRISON COUNTY, WEST VIRGINIA ........................... 54

    E.      ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFFS RICHARD L.
           ARMSTRONG AND DONALD R. REYNOLDS IN DODDRIDGE COUNTY,
           WEST VIRGINIA ............................................................................................. 56

    F.      ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF RICHARD L.
           ARMSTRONG AND DONALD R. REYNOLDS IN HARRISON COUNTY,
           WEST VIRGINIA ............................................................................................. 63

i

G.    INTERESTS OWNED BY PLAINTIFF DONALD R. REYNOLDS IN DODDRIDGE  COUNTY, WEST VIRGINIA ...................................................... 80

H.    INTERESTS OWNED BY PLAINTIFF DONALD R. REYNOLDS IN HARRISON COUNTY, WEST VIRGINIA ........................................... 83

I.    ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF DEBORAH L. WYCKOFF IN DODDRIDGE COUNTY, WEST VIRGINIA ............................. 84

J.    INTERESTS OWNED BY PLAINTIFF DEBORAH WYCKOFFIN RITCHIE COUNTY, WEST VIRGINIA ................................................................. 89

K.    FACTS OF PLAINTIFFS AND CLASSES…………………………………………92

Patrick Michael Wright, Patricia Susan Wright, Deborah Ann Cox, Richard L. Armstrong, Donald R. Reynolds, and Deborah L. Wyckoff, on behalf of themselves and the Class defined below, for their class action complaint against Defendant Antero Resources Corporation ("Antero"), allege as follows:

## I.   JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this class action case pursuant to 28 U.S.C. §1332(d)(2), because the dollar amount in controversy exceeds  the sum of $5,000,000, exclusive of interest and costs, and because this is a class action in which one or more members of the proposed Class is a citizen of states other than Colorado and Delaware, which are the two states of citizenship for Defendant Antero.

2.      This Court has personal jurisdiction over Antero because Antero has conducted substantial business activities in the state of West Virginia, and because the acts and conduct  of Antero giving rise to the claims asserted in this class action Complaint occurred in the state of West Virginia.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this class action Complaint occurred in this judicial district.

## II.      PARTIES

4.      Plaintiff Patrick Michael Wright ("Plaintiff M. Wright") is a resident and a citizen of Harrison County, West Virginia and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Harrison County,

1

West Virginia, pursuant to the leases referenced herein below and attached to this Complaint.

5.      Plaintiff Patricia Susan Wright ("Plaintiff S. Wright") is a resident and a citizen of Harrison County, West Virginia and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Harrison County, West Virginia, pursuant to the leases referenced herein below and attached to this Complaint.

6.      Plaintiff Deborah Ann Cox ("Plaintiff Cox") is a resident and a citizen of Barnstable County, Massachusetts and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Harrison County, West Virginia, and pursuant to the leases referenced herein below and attached to this Complaint.

7.      Plaintiff Richard L. Armstrong  ("Plaintiff Armstrong") is a resident and a citizen of Harrison County, West Virginia and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Harrison County, West Virginia, and pursuant to the leases referenced herein below and attached to this Complaint.

8.      Plaintiff Donald R. Reynolds ("Plaintiff Reynolds") is a resident and a citizen of Harrison County, West Virginia and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Harrison County, West Virginia, and pursuant to the leases referenced herein below and attached to this Complaint..

9.      Plaintiff Deborah L. Wyckoff ("Plaintiff Wyckoff") is a resident and a citizen of Doddridge County, West Virginia and has received royalty payments from Antero on certain oil and natural gas mineral interests located in Doddridge County and Ritchie County, West

Virginia, and pursuant to the leases referenced herein below and attached to this Complaint.

10. Defendant Antero Resources Corporation ("Defendant Antero" or "Antero") is a Delaware corporation with its principal office address at 1615 Wynkoop Street, Denver, Colorado 80202, and conducts business in West Virginia.

11. Defendant Antero is registered with the Office of the West Virginia Secretary of State as a foreign corporation and its agent for service of process is CT Corporation System, 1627 Quarrier St, Charleston, West Virginia 25311-2124.

### III.    CLASS DEFINITION

12. Plaintiffs bring this action on behalf of themselves and the Class of similarly situated persons and entities, pursuant to Fed. R. Civ. P. 23(b)(3), consisting of:

Persons and entities, including their respective successors and assigns, to whom Antero has paid royalties on Natural Gas, including natural gas liquids, produced by Antero from wells located in West Virginia at any time since June 1, 2007, pursuant to leases ("Royalty Agreements") which contain any one of the following gas royalty provisions:

a)    **Flat Rate Lease Provision No. 1:** "[Lessee] covenants and agrees:  1st – To deliver to the credit of the first parties their heirs, executors, administrators and assigns, free of cost, in the pipeline to which party of the second part may connect its wells, the equal 1/8 part of all oil produced and saved from the leased premises; and 2nd – to pay Seventy five Dollars each three months in advance for the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises"; or

b)    **Flat Rate Lease Provision No. 2:** "Excepting and reserving, however, to the first parties the one eighth part of oil produced and saved from said premises, to be delivered in the pipe line with which second party may connect his wells, normally…If gas only is found, second party agrees to pay two hundred Dollars each year for the product of each well while the same is being sold off the premises, and gas, free of cost for household use on the premises in any of first parties houses. First parties to furnish their own connections. …" or

c)    **Flat Rate Lease Provision No. 3**: [Lessee] covenants and agrees:  1st – To deliver in the pipe lines to the credit of the first party [or parties] his [their]

heirs or assigns, free of cost, the equal 1/8 part of all oil produced and saved from the leased premises, and 2nd – to pay One Hundred dollars per year for the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises…" or

d)    **Gross Proceeds Lease Provision with Antero**: "It is agreed between the Lessor and Lessee that, notwithstanding any language to the contrary, all oil, gas or other proceeds accruing to the Lessor under this lease by state law shall be without deduction, directly or indirectly, for the cost of producing, gathering, storing, separating, compressing, processing, transporting, and marketing the oil, gas and any other products produced hereunder to transform the product into marketable form; however, any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on Lessee's actual costs of such enhancements. However, in no event shall Lessor receive a price that is less than, or more than, the price received by Lessee."; or

e)    **Gross Production Lease Provision Prior to 1980 No. 1**: "In consideration of the premises the Lessee covenants and agrees to deliver to the credit of the Lessor, free of cost, in the pipe line to which the Lessee may connect its wells a royalty of the equal one-eighth (1/8) part of all oil produced from the leased premises, and to pay for each gas well from the time and while the gas is marketed at the rate of one-eighth (1/8) of the wholesale market value thereof at the well based upon the usual price paid therefor in the general locality of the leased premises, payable each three (3) months…"

f)    **Gross Production Lease Provision Prior to 1980 No. 2**: "In Consideration of the Premises the said Lessee covenants and agrees: 1st – To deliver to the credit of the Lessors their [his] heirs or assigns, free of cost, in the pipe line to which the said Lessee may connect its wells, a royalty of the equal 1/8 part of all oil produced and saved from the said leased premises; 2nd – to pay the equal one-eighth (1/8) of all money received from sale of gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises…"

g)    **Gross Production Lease Provision Prior to 1980 No. 3:** …"In Consideration of the Premises the said Lessee covenants and agrees: 1st – To deliver to the credit of the Lessors their heirs or assigns, free of cost, in the pipe line to which the said Lessee may connect its wells, their proportionate share of the equal 1/8 part of all oil produced and saved from the said leased premises; and, second, to pay the proportionate share of one-eighth (1/8) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, while the gas from said well is so marketed and used. …

4

…It is agreed by the parties hereto that the Lessee, its successors or assigns shall have the right to use off the farms for such purposes as it may desire "Casing Head Gas" (being gas produced from wells on the premises) but said "casing head gas" or any part thereof should be manufactured into gasoline, or other by-products by said company, said Lessors shall receive their proportionate share of the one-eighth of the net value at the factory of the gasoline and other by-products so manufactured."

The Class excludes: (1) agencies, departments, or instrumentalities of the United States of America; (2) publicly traded oil and gas exploration companies; (3) Antero, its current officers and employees; (4) any person whose royalty underpayment claim against Antero is subject to a binding arbitration provision; (5) any person who is or has been paid royalties by Antero only under a lease which meets the Class definition set forth in the March 23, 2020 class certification order in *Romeo, et al., v. Antero Resources Corporation,* civil action no. 1:17-cv-88, U.S. Dist. Ct. N.D. W. Va.; and (6) any person who has been paid royalties by Antero only under a lease which expressly provides each of the following: (a) the lessor shall bear some part of the costs incurred between the wellhead and the point of sale; (b) identifies with particularity the specific deductions the lessee may take; and (c) provides for a method of calculating the amount to be deducted from the lessor's royalty for post-production costs.

## IV.   CLASS ACTION ALLEGATIONS

13.     Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

### A.   *NUMEROSITY - Federal Rule of Civil Procedure 23(a)(l)*

14.      The members of the Class are so numerous that separate joinder of each member of the Class is impractical. On information and belief, there are more than five hundred members of the defined Class, who reside in numerous states throughout the United States.

### B.   *COMMONALITY - Federal Rule of Civil Procedure 23(a)(2)*

15.    Common questions of law and fact exist as to the claims of the Plaintiffs and

the defined Class. These common legal and factual questions include, without limitation, the

following:

a.    Whether Antero has a duty under the Royalty Agreements to pay royalties
to Plaintiffs and the Class based upon prices received on the sale of marketable
residue gas at the point of sale to third-party purchasers?

b.    Whether Antero has breached its obligations under the Royalty
Agreements by failing to pay royalties to Plaintiffs and the Class based upon
the prices received on the sale of residue gas to third-party purchasers?

c.    Whether Antero has a duty under the Royalty Agreements to pay royalties to
Plaintiffs and the Class based upon prices received on the sale of marketable
natural gas liquids at the point of sale to third-party purchasers?

d.    Whether Antero has breached its contractual obligations under the
Royalty Agreements by failing to pay royalties to Plaintiffs and the Class
based upon prices received on the sale of marketable natural gas liquids at the
point of sale to third-party purchasers?

e.    Whether Antero has breached its obligations under the Royalty
Agreements by deducting various post-production costs from the sales price of
the marketable natural gas products (including residue gas and natural gas
liquid products) in the calculation and payment of royalties to Plaintiffs and
the Class?

### C.    TYPICALITY - Federal Rule of Civil Procedure 23(a)(3)

16.    Plaintiffs' claims are typical of the claims of the members of the Class.

### D.    *ADEQUACY OF REPRESENTATION –*
### *Federal Rule of Civil Procedure 23(a)(4)*

17.    The Plaintiffs will fairly and adequately protect the interests of the Class,

and have retained counsel who are experienced in prosecuting class action royalty

underpayment lawsuits against natural gas producers.

6

### E.   PREDOMINANCE AND SUPERIORITY –
### Federal Rule of Civil Procedure 23(b)(3)

18.     The questions of law and fact which are common to the Class predominate over any individual questions which may exist.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the claims of the Class members against Antero.

## V.  FACTS SUPPORTING CLAIMS OF PLAINTIFFS AND THE CLASS

### A.   INTERESTS OWNED BY PLAINTIFFS DEBORAH ANN COX, PATRICIA SUSAN WRIGHT AND PATRICK MICHAEL WRIGHT IN DODDRIDGE COUNTY, WEST VIRGINIA

20.     The allegations of Paragraphs 20 through 24 relate to interests owned by Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright in Well Units  situated in Doddridge County, West Virginia, named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks. The document book and page number notations refer to records located in the Office of the County Commission of Doddridge County, West Virginia.

21.     By deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94, Robert w. Morris, Trustee of the Patrick A. Wright Trust, conveyed to Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox each of the real estate interests which are the subject of this Complaint.

22.     By Deed dated September 23, 2014, and recorded in the Clerk's Office in Deed Book 345 at page 450, Plaintiff Cox conveyed to PetroGulf Resources, LLC her interest in a tract

7

of 222 acres situated on the waters of Wilhelm Creek, Central District, Doddridge County, West

Virginia.

23.     By Deed dated March 23, 2017, and recorded in the Clerk's Office in Deed Book

384 at page 311, Plaintiff Cox conveyed to Mary Mutschenknaus her interest in a tract of 102 1/4

acres situated on the waters of Arnolds Creek, Central District, Doddridge County, West

Virginia.

24.     By Deed dated August 23, 2017, and recorded in the Clerk's Office in Deed Book

389 at page 677, Plaintiff Cox conveyed to Mary Mutschenknaus her interests in eight (8) tracts

situated on the waters of Arnolds Creek, Central District, Doddridge County, West Virginia.

> A.1.    Arthur, Bradford, Brocade, Kreitler, Manzarek and Rexal Units

25.     Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright

are being paid royalties on wells identified on the royalty statements as Arthur 1H (API # 47-

017-06425); Bradford 1H (API # 47-017-06535);Bradford 2H (API # 47-017-06534); Brocade

1H (API # 47-017-06531); Brocade 2H (API # 47-017-06532); Kreitler 1H (API # 47-017-

06479); Kreitler 2H (API # 47-017-06480); Manzarek 1H (API # 47-017-06775); Manzarek 2H

(API # 47-017-06776); and Rexal 2H (API # 47-017-06142). Ownership Chain of Title for the

Bradford, Brocade and Rexal Units is reflected in ¶¶ 26-30 and Leasehold Chain of Title is

reflected in ¶¶ 33-36, 39-43.

26.     Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox

are the owners of oil and gas interests in that certain 726 acre tract of real property located on

Sandy Run and Little Flint Run, Grant District, Doddridge County and Tyler County, West

Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael

Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Doddridge County Clerk's Office in Deed Book 278 at page 94, and recorded in the Tyler County Clerk Office in Deed Book 584 at page 380. This interest is described on the Landbooks of the Assessor of Doddridge County as 637 acres.

27.    Patrick A. Wright inherited the interest in said 726 acre tract from Leilia B. Wright, deceased July 18, 1995, by Will dated August 17, 1989, and recorded in said Doddridge County Clerk's Office in Will Book 27 at page 401.

28.    Lelia B. Wright inherited the interest in said 726 acre tract from Walter S. Wright, deceased September 4, 1987, by Will dated December 13, 1965 and recorded in the Clerk's Office in Will Book 99 at page 460.

29.    Walter S. Wright inherited a 1/5 interest of 1/6 interest in the oil and gas underlying said 726 acre tract as an heir of Alice Sandy Wright, who died intestate on February 22, 1940. (See Affidavit of Death and Heirship dated May 20, 2016 and recorded in the Clerk's Office in Deed Book 535 at page 670).

30.    By Decree of Partition dated August 29, 1907, and recorded in the Clerk's Office in Deed Book 63 at page 632, Alice Wright was granted the surface of a tract of 129 acres and a one-sixth (1/6) interest in the oil and gas underlying said 726 acres tract, as one of the heirs of William Sandy, who departed this life February 9, 1907, seized and possessed of the said 726 acres tract, in fee.

31.    Leasehold - Arthur Unit - Tract E 5.0 acres: By Lease dated December 6, 1988, and recorded in Lease Book 156 at page 703, P.A. Wright and Joann Wright, his wife, leased to

Bojacque, Inc. his oil and gas interests underlying Tract E, a part of the 159 acre tract part of said 726 acre tract. The Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 1.)

32.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Arthur Unit dated February 1, 2016, of record in the said Clerk's Office in Lease Book 420 at page 156, Defendant Antero declared that the lease recorded in Lease Book 156 at page 703 is part of the Arthur Unit.

33.    Leasehold - Bradford Unit - Tract A 71.3 acres:  By Lease dated December 6, 1988, and recorded in Lease Book 156 at page 703, P.A. Wright and Joann Wright, his wife, leased to Bojacque, Inc. his oil and gas interests underlying Tract A, a part of the 159 acre tract part of said 726 acre tract. The Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 1)

34.    Leasehold Chain of Title - Bradford Unit - Tract B 9.1 acres and Tract C 55.2 acres: By Lease dated April 7, 1989, and recorded in Lease Book 157 at page 221, P.A. Wright AIF for Lelia B. Wright, leased to Bojacque, Inc. her oil and gas interests underlying Tracts B and C, a part of the 159 acre tract part of said 726 acre tract. The Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 2.)

35.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Bradford Unit dated July 1, 2016, of record in the said Clerk's Office in Lease Book 428 at page 626, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 156 at page 703 and Lease Book 157 at page 221 are to be part of the Bradford Unit.

10

36.    <u>Leasehold - Brocade Unit - Tract B 18.7 acres and Tract C 64.2 acres</u>: By Lease dated December 6, 1988, and recorded in Lease Book 156 at page 703, P.A. Wright and Joann Wright, his wife, leased to Bojacque, Inc. his oil and gas interests underlying Tracts B and C, a part of the 159 acre tract part of said 726 acre tract. The Lease does **not** authorize post-production expenses. Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Brocade Unit dated October 1, 2016, of record in the said Clerk's Office in Lease Book 489 at page 861, Defendant Antero declared that the lease recorded in Lease Book 156 at page 703 is part of the Brocade Unit.

37.    <u>Leasehold - Kreitler Unit - Tract A 37.0 acres Tract B 62.2 acres and Tract C 21.3 acres</u>: By Lease dated December 6, 1988, and recorded in Lease Book 156 at page 703, P.A. Wright and Joann Wright, his wife, leased to Bojacque, Inc. his oil and gas interests underlying Tract A and Tract B. a part of the 159 acre tract part of said 726 acre tract. By Lease dated April 7, 1989, and recorded in Lease Book 157 at page 221, P.A. Wright, AIF for Lelia B. Wright, leased to Bojacque, Inc. her oil and gas interests underlying Tract C, a part of the 159 acre tract part of said 726 acre tract. The Leases do **not** authorize post-production expenses. Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Kreitler Unit dated June 1, 2016, of record in the said Clerk's Office in Lease Book 438 at page 595, Defendant Antero declared that the lease recorded in Lease Book 157 at Page 221is part of the Kreitler Unit.

38.    <u>Leasehold - Manzarek Unit - Tract 2 10.84 acres</u>: By Lease dated April 7, 1989, and recorded in Lease Book 157 at page 221, P.A. Wright AIF for Lelia B. Wright, leased to Bojacque, Inc. her oil and gas interests underlying Tract 2, a part of the 159 acre tract part of said

11

726 acre tract. The Lease does **not** authorize post-production expenses. Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Manzarek Unit dated October 1, 2016, of record in the said Clerk's Office in Lease Book 489 at page 861, Defendant Antero declared that the lease recorded in Lease Book 157 at Page 221 is part of the Manzarek Unit.

39.     Leasehold - Rexal Unit  - Tract D 33.6 acres: By Lease dated August 25 , 2015, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying Tract D, a 46 acre tract, being a part of the 159 acre tract part of said 726 acre tract. A Memorandum of Lease is recorded in Lease Book 504 at page 51. Upon information and belief, this Lease does **not** authorize post-production expenses. Plaintiffs will obtain a copy of the Lease from Defendant Antero through discovery. (See copy attached as Exhibit 3.)

40.     By Lease dated August 20, 2015, Patrick Michael Wright leased to Antero Resources Corporation his oil and gas interests underlying Tract D, a part of a 46 acre tract, and a part of the 159 acre tract part of said 726 acre tract. A Memorandum of Lease is recorded in Lease Book 504 at page 48. (See copy attached as Exhibit 4.) Upon information and belief, this Lease does **not** authorize post-production expenses. Plaintiffs will obtain a copy of the Lease from Defendant Antero through discovery.

41.     By Lease dated August 20 , 2015, Deborah Ann Cox leased to Antero Resources Corporation her oil and gas interests underlying Tract D, a part of a 46 acre tract, and a part of the 159 acre tract part of said 726 acre tract. A Memorandum of Lease is recorded in Lease Book 504 at page 483. (See copy attached as Exhibit 5). Upon information and belief, this Lease does **not** authorize post-production expenses.

42. <u>Leasehold Chain of Title - Rexal Unit - Tract E 34.2 acres and Tract G 64.2 acres</u>;
By Lease dated December 6, 1988, and recorded in Lease Book 156 at page 703, P.A. Wright
and Joann Wright, his wife, leased to Bojacque, Inc. his oil and gas interests underlying Tracts E
a 159 acre tract part of said 726 acre tract. The Lease does **not** authorize post-production
expenses. (See Exhibit 1).

43. By Declaration of Pooling for the Rexal Unit dated March 1, 2016, of record in
the Doddridge County Clerk's Office in Lease Book 421 at page 232, Defendant Antero declared
that the leases of record in the said Clerk's Office in Lease Book 504 at page 48, Lease Book 504
at page 51, Lease Book 504 at page 483, Lease Book 157 at page 221, and Lease Book 156 at
page 703, are to be pooled as part of the Rexal Unit.

A.2. <u>Callie, Hudkins, Leason Run, Leggett, Mary Jane and Pike Units</u>

44. Plaintiffs Patricia Susan Wright and Patrick Michael Wright are being paid, and
Deborah Ann Cox was previously paid, royalties on wells identified on the royalty statements as
Callie 1H (API # 47-017-06192); Callie 2H (API # 47-017-06193); Hudkins 1 H (API # 47-017-
06415); Hudkins 2H (API # 47-017-06436); Leason Run 1H (API # 47-017-06474); Leason Run
2H (API # 47-017-06475); Leggett 1H (API # 47-017-06292); Leggett 2H (API # 47-017-
06293); Pike 1H (API # 47-017-06289); Mary Jane 1H (API # 47-017-06699); Mary Jane 2H
(API # 47-017-06700); Mary Jane 3H (API # 47-017-06701); and Pike 2H (API # 47-017-
06294). Ownership Chain of Title is reflected in ¶¶ 45-50 and Leasehold Chain of Title is
reflected in ¶¶ 51-61 for the Callie, Hudkins Leason Run, Leggett, Mary Jane and Pike Units.

45. Plaintiffs Patrick Michael Wright and Patricia Susan Wright are the owners, as
was Plaintiff Cox prior to selling her interests, of oil and gas interests in that certain 142 acre

tract of real property located on Leeson's Run, in Central District, Doddridge County, West

Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael

Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the

Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in

Deed Book 278 at page 94.

46.     Patrick A. Wright passed away October 21, 2007, and by Will dated August 30,

2004 and recorded in Will Book 44 at page 453 devised and bequeathed his estate to Robert W.

Morris, Trustee, for the benefit of his children Deborah Ann Cox, Patricia Susan Wright and

Patrick Michael Wright.

47.     In 1988 P.A. Wright, also known as Patrick A. Wright was the owner of a an

interest in the142 acre tract on Leeson Run, Central District, Doddridge County, West Virginia.

Patrick A. Wright inherited this interest from his mother, Lelia B. Wright upon her death on July

18, 1995, through her last Will and Testament recorded in said Clerk's Office in Will Book 27 at

page 401.

48.     By Will dated September 23, 1987 and recorded in Will Book 19 at page 497,

Ella Graham devised all her estate to her sister Lelia B. Wright.

49.     By Will dated January 12, 1946 and recorded in Will Book 6 at page 466, Joseph

James Graham devised his estate to his wife Ella Graham.

50.     By deed dated February 9, 1927 and recorded in Deed Book 85 at page 164, Spec

Commr conveyed to J. J. Graham an undivided one-sixth (1/6) of one-half (½) of the oil and gas

underlying the real estate of which James Leeson, alias Leonidas Leeson, died  seized and

possessed, being tracts of 100 acres, 40.166 acres and 1.5 acres on Leeson's Run, Central

District, Doddridge County, West Virginia.

51.     By Lease dated June 6, 1962 and recorded in Lease Book 75 at page 350, J.J. Graham and Ella Graham, his wife, leased to J. R. Garner and E. R. Gawthrop, Inc. his or their oil and gas interests underlying the 142 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 6.)

52.     By Assignment dated November 5, 1973 and recorded in Lease Book 98 at page 548, J. R. Garner and E.R Gawthrop. transferred to Thomas J. Fluharty all their right, title, and interests in the aforementioned lease.

53.     By Assignment dated May 26, 1995 and recorded in Lease Book 175 at page 320, Thomas J. Fluharty, et al. conveyed to Key Oil Co. all his right, title, and interests in the aforementioned lease.

54.     By Assignment dated August 30, 2012 and recorded in Lease Book 276 at page 526, Key Oil Company conveyed to Antero Resources Appalachian Corporation its right, title, and interests in the aforementioned lease.

55.     By Modification of Oil and Gas Lease dated July 10, 2013 and recorded in Lease Book 310 at page 212, Susan Patricia Wright ratified and confirmed the aforementioned Lease recorded in Lease Book 75 at page 350.

56.     By Modification of Oil and Gas Lease dated July 10, 2013 and recorded in Lease Book 308 at page 505, Patrick Michael Wright ratified and confirmed the aforementioned Lease recorded in Lease Book 75 at page 350.

57.     By Declaration of Pooling for the Callie Unit dated April 1, 2014, of record in the said Clerk's Office in Lease Book 407 at page 31, Defendant Antero declared that the lease of

record in the said Clerk's Office in Lease Book 75 at page 350 is to be pooled as part of the Callie Unit.

58.      By Declaration of Pooling for the Hudkins Unit dated October 1, 2014, of record in the said Clerk's Office in Lease Book 425 at page 540, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 75 at page 350 is to be pooled as part of the Hudkins Unit.

59.      By Declaration of Pooling for the Leason Run Unit dated November 1, 2014, of record in the said Clerk's Office in Lease Book 423 at page 562, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 75 at page 350 is to be pooled as part of the Leason Run Unit.

60.      By Amended Declaration of Pooling for the Leggett Unit dated July 1, 2014, of record in the said Clerk's Office in Lease Book 422 at page 598, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 75 at page 350 is to be pooled as part of the Leggett Unit.

61.      By Amended Declaration of Pooling for the Pike Unit dated June 1, 2014, of record in the said Clerk's Office in Lease Book 423 at page 62, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 75 at page 350 is to be pooled as part of the Pike Unit.

A.3.    Devonian Unit

62.      Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Devonian 1H (API # 47-017-06718); Devonian 2H (API # 47-017-06719); and Devonian 3H (API # 47-017-06720).

16

Ownership Chain of Title is reflected in ¶ 63 and Leasehold Chain of Title is reflected in ¶¶ 64-66 for the Devonian Unit.

63.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 68.75 acre tract of real property located on Arnold's Run, Central District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

64.    By Lease dated May 28, 2014, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 68.75 acre tract. A Memorandum of Lease is recorded in Lease Book 365 at page 490. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 7.)

65.    By Lease dated May 28, 2014, Patrick Michael Wright leased to Antero Resources corporation her oil and gas interests underlying the 68.75 acre tract. A Memorandum of Lease is recorded in Lease Book 365 at page 488. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 8.)

66.    By Declaration of Pooling for the Devonian Unit dated June 1, 2015, of record in Lease Book 402 at page 69, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 365 at page 490 and Lease Book 365 at page 488 are to be pooled as part of the Devonian Unit.

A.4.    <u>Hiley Unit</u>

17

67.     Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Hiley 1H (API # 47-017-06613) and Hiley 2H (API # 47-017-06614). Ownership Chain of Title is reflected in ¶ 68 and Leasehold Chain of Title is reflected in ¶¶ 69-79 for the Hiley Unit.

68.     Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in those certain 68.75 and 9.75 and 50.5 acre tracts of real property located on Arnolds Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

69.     By Lease dated May 28, 2014, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 68.75 acre tract. A Memorandum of Lease is recorded in Lease Book 365 at page 490. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 7.)

70.     By Lease dated January 25, 2012, Patricia Susan Wright leased to Antero Resources corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and of record in the Clerk's Office in Lease Book 264 at page 661. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 9.)

71.     By Lease dated May 28, 2014, Patrick Michael Wright leased to Antero Resources corporation her oil and gas interests underlying the 68.75 acre tract. A Memorandum of Lease is recorded in Lease Book 365 at page 488. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 8.)

72.     By Lease dated October 11, 2012, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 9.75 acre tract. A Memorandum of Lease is recorded in Lease Book 280 at page 561. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 10.)

73.     By Lease dated October 11, 2012, Patrick Michael Wright leased to Antero Resources Corporation his oil and gas interests underlying the 9.75 acre tract. A Memorandum of Lease is recorded in Lease Book 280 at page 335. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 11.)

74.     By Lease dated May 16, 2012, Patricia Susan Wright leased to Antero Resources corporation her oil and gas interests underlying the 50.5 acre tract. A Memorandum of Lease is recorded in Lease Book 271 at page 59. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 12.)

75.     By Lease dated May 16, 2012, Patrick Michael Wright leased to Antero Resources corporation his oil and gas interests underlying the 50.5 acre tract. A Memorandum of

19

Lease is recorded in Lease Book 268 at page 468. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 13.)

76.    By Lease dated May 16, 2012, Deborah Ann Cox leased to Antero Resources Corporation her oil and gas interests underlying the 50.5 acre tract. A Memorandum of Lease is recorded in Lease Book 269 at page 701. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 14.)

77.    By Lease dated May 28, 2012, Patricia Susan Wright leased to Antero Resources corporation her oil and gas interests underlying the 68.75 acre tract. A Memorandum of Lease is recorded in Lease Book 365 at page 490. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 7.)

78.    By Lease dated October 29, 2012, Deborah Ann Cox  leased to Antero Resources corporation his oil and gas interests underlying the 53.423 acre tract. A Memorandum of Lease is recorded in Lease Book 282 at page 360. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 15.)

79.    By Declaration of Pooling for the Hiley Unit dated February 1, 2015, of record in Lease Book 387 at page 398, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 365 at page 490, Lease Book 264 at page 661, Lease Book 365 at page 488, Lease Book 280 at page 561, Lease Book 280 at page 335, Lease Book 271 at page 59,

20

Lease Book 268 at page 468, Lease Book 269 at page 701 and Lease Book 282 at page 360, are to be pooled as part of the Hiley Unit.

         A.5.   <u>Hormels Unit</u>

80.    Plaintiffs Patricia Susan Wright and Patrick Michael Wright are being paid, and Deborah Ann Cox was previously paid, royalties on wells identified on the royalty statements as Hormels 1H (API # 47-017-06555) and Hormels 2H (API # 47-017-06556). Ownership Chain of Title is reflected in ¶ 81 and Leasehold Chain of Title is reflected in ¶¶ 82-85 for the Hormels Unit.

81.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 30.55 acres tract of real property located on Wilhelm Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

82.    By Lease dated January 25, 2012, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and of record in the Clerk's Office in Lease Book 264 at page 661. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 9.)

83.    By Lease dated February 25, 2012, Patrick Michael Wright leased to Antero Resources corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and of record in the Clerk's Office in Lease Book 267 at page 385. This Lease contains Antero's

Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 16.)

84.     By Lease dated February 24,2012, Deborah Ann Cox leased to Antero Resources corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and of record in the Clerk's Office in Lease Book 265 at page 450. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 17.)

85.     By Amended Declaration of Pooling for the Hormels Unit dated October 25, 2019, of record in the said Clerk's Office in Lease Book 488 at page 689, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 264 at page 661, Lease Book 267 at page 385, and Lease Book 265 at page 450 are to be pooled as part of the Hormels Unit.

A.6.   <u>Livingston Unit</u>

86.     Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Livingston 1H (API # 47-017-06223) and Livingston 2H (API # 47-017-06224). Ownership Chain of Title is reflected in ¶ 87 and Leasehold Chain of Title is reflected in ¶¶ 88-92 for the Livingston Unit.

87.     Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 65.00 acre tract of real property located on Claylick Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and

Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

88.     By Lease dated July 2, 2013, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 65.00 acre tract. A Memorandum of Lease is recorded in Lease Book 326 P146. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 18.)

89.     Paragraph intentionally omitted and Exhibit 19 intentionally omitted as duplicative.

90.     By Lease dated March 14, 2013, Patrick Michael Wright leased to Antero Resources Corporation his oil and gas interests underlying the 65.00 acre tract. A Memorandum of Lease is recorded in Lease Book 312 at P436. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 20.)

91.     By Lease dated March 14, 2013, Deborah Ann Cox leased to Antero Resources corporation her oil and gas interests underlying 47.09 acres of the 65.00 acre tract. A Memorandum of Lease is recorded in Lease Book 320 at page 420. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 21.)

92.     By Declaration of Pooling for the Livingston Unit dated September 15, 2013, of record in the said Clerk's Office in Lease Book 402 at page 334, Defendant Antero declared that

the leases of record in the said Clerk's Office in in Lease Book 326 at page 146, Lease Book 320 at page 420 and Lease Book 312 at page 436 are to be pooled as part of the Livingston Unit.

A.7.    <u>Duckbill, Hugle , Marks, McGill, Seaborn, Violet and Wilhelm Units</u>

93.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Duckbill 1H (API # 47-017-06667); Duckbill 2H (API # 47-017-06668); Hugle 1H (API # 47-017-06761); Hugle 2H (API # 47-017-06783); Marks 1H (API # 47-017-06266); McGill 1H (API # 47-017-06665); McGill 2H (API # 47-017-06666); Seaborn 1H (API # 47-017-06169); Seaborn 2H (API # 47-017-06170); Violet 1H (API # 47-017-06206); Wilhelm 1H (API # 47-017-06626); and Wilhelm 2H (API # 47-017-06554). Ownership Chain of Title is reflected in ¶¶ 94-96 and Leasehold Chain of Title is reflected in ¶¶97-108 for the Duckbill, Hugle, Marks, McGill,  Seaborn, Violet, and Wilhelm Units.

94.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 208.00 acre tract of real property located on Wilhelm Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

95.    Patrick A. Wright passed away October 21, 2007 and by Will dated August 30, 2004 and recorded in Will Book 44 at page 453 devised and bequeathed his estate to Robert W. Morris, Trustee, for the benefit of his children Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright.

24

96.     In 1997 P.A. Wright, also known as Patrick A. Wright, was the owner of an interest in the 208 acre tract on Wilhelm Run, Central District, Doddridge County, West Virginia. Patrick A. Wright inherited this interest from his mother, Lelia B. Wright, upon her death on July 18, 1995, through her last Will and Testament recorded in said Clerk's Office in Will Book 27 at page 401.

97.     By Lease dated January 10, 1997, and recorded in Lease Book 179 at page 260, P.A. Wright leased to Key Oil Co. his oil and gas interests underlying a 208 acre tract. The Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 22.)

98.     By Assignment dated August 30, 2012 and recorded in Lease Book 276 at page 526, Key Oil Company conveyed to Antero Resources Appalachian Corporation its right, title, and interests in the aforementioned lease.

99.     By Modification of Oil and Gas Lease dated February 13, 2013 and recorded in Lease Book 290 at page 643, Patrick Michael Wright ratified and confirmed the aforementioned Lease.

100.    By Modification of Oil and Gas Lease dated February 13, 2013 and recorded in Lease Book 291 at page 546, Susan Patricia Wright ratified and confirmed the aforementioned Lease.

101.    By Modification of Oil and Gas Lease dated April 16, 2013 and recorded in Lease Book 296 at page 671, Deborah A. Cox ratified and confirmed the aforementioned Lease.

102.    By Declaration of Pooling for the Duckbill Unit dated May 1, 2016, of record in the said Clerk's Office in Lease Book 425 at page 232, Defendant Antero declared that the lease

of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Duckbill Unit.

103.    By Declaration of Pooling for the Hugle Unit dated January 1, 2017, of record in the said Clerk's Office in Lease Book 440 at page 419, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Hugle Unit.

104.    By Declaration of Pooling for the Marks Unit dated August 1, 2014, of record in the said Clerk's Office in Lease Book 361 at page 392, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Marks Unit.

105.    By Declaration of Pooling for the McGill Unit dated April 1, 2017, of record in the said Clerk's Office in Lease Book 423 at page 106, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the McGill Unit.

106.    By Declaration of Pooling for the Seaborn Unit dated May 1, 2013, of record in the said Clerk's Office in Lease Book 391 at page 608, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Seaborn Unit.

107.    By Declaration of Pooling for the Violet Unit dated July 8, 2014, of record in the said Clerk's Office in Lease Book 390 at page 365, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Violet Unit.

108.    By Declaration of Pooling for the Wilhelm Unit dated March 1, 2016, of record in the said Clerk's Office in Lease Book 421 at page 253, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 179 at page 260 is to be pooled as part of the Wilhelm Unit.

      A.8.   McPherson Unit

109.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as McPherson 1H (API # 47-017-06488). Ownership Chain of Title is reflected in ¶ 110 and Leasehold Chain of Title is reflected in ¶¶ 111-118 for the McPherson Unit.

110.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 208.00 acre tract of real property located on Wilhelm Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

111.    By Lease dated October 11, 2012, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 9.00 acre tract. A Memorandum of Lease is recorded in Lease Book 280 at page 561. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 10.)

112.    By Lease dated January 25, 2012, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and

of record in the Clerk's Office in Lease Book 264 at page 661. This Lease contains Antero's

Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses.

(See Exhibit 9.)

113.    By Lease dated October 11, 2012, Patrick Michael Wright leased to Antero

Resources corporation her oil and gas interests underlying the 9.00 acre tract. A Memorandum of

Lease is recorded in Lease Book 280 P335. Upon information and belief, this Lease includes

Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production

expenses. (See Exhibit 11.)

114.    By Lease dated October 11, 2012, Deborah Ann Cox leased to Antero Resources

Corporation her oil and gas interests underlying the 9.00 acre tract. A Memorandum of Lease is

recorded in Lease Book Lease Book 280 at page 339. Upon information and belief, this Lease

includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-

production expenses. (See Exhibit 14.)

115.    By Lease dated July 13, 2012, Patricia Susan Wright leased to Antero Resources

Corporation her oil and gas interests underlying the 9.75 acre tract. A Memorandum of Lease is

recorded in Lease Book 273 at page 550. Upon information and belief, this Lease includes

Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production

expenses. (See copy attached as Exhibit 23.)

116.    By Lease dated July 31, 2012, Patrick Michael Wright leased to Antero Resources

corporation her oil and gas interests underlying the 9.75 acre tract. A Memorandum of Lease is

recorded in  Lease Book 276 at page 182. Upon information and belief, this Lease includes

Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 24.)

117.    By Lease dated July 13, 2012, Deborah Ann Cox leased to Antero Resources corporation her oil and gas interests underlying 9.75 acre tract. A Memorandum of Lease is recorded in Lease Book 273 at page 552. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 25.)

118.    By Declaration of Pooling for the McPherson Unit dated January 1, 2015, of record in the said Clerk's Office in Lease Book 386 at page 360, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 280 at page 561, Lease Book 264 at page 661, Lease Book 280 at page 335, Lease Book 280 at page 339, Lease Book 273 at page 550, Lease Book 276 at page 182, and Lease Book 273 at page 552, are to be pooled as part of the McPherson Unit.

A.9    Piggott Unit

119.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Piggott 1H (API # 47-017-06142) and Piggott 2H (API # 47-017-06141). Ownership Chain of Title is reflected in ¶ 120 and Leasehold Chain of Title is reflected in ¶¶ 121-125 for the Piggott Unit.

120.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 208.00 acre tract of real property located on Wilhelm Run, Central District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and

Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

121.    By Lease dated May 16, 2012, Patricia Susan Wright leased to Antero Resources corporation her oil and gas interests underlying the 50.5 acre tract. A Memorandum of Lease is recorded in Lease Book 271 at page 59. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 12.)

122.    By Lease dated January 25, 2012, Patricia Susan Wright leased to Antero Resources corporation her oil and gas interests underlying 27.7 acres of the 30.55 acre tract, and of record in the Clerk's Office in Lease Book 264 at page 661. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 9.)

123.    Paragraph intentionally omitted.

124.    By Lease dated May 16, 2012, Patrick Michael Wright leased to Antero Resources corporation her oil and gas interests underlying the 50.5 acre tract. A Memorandum of Lease is recorded in Lease Book 268 at page 468. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 13.)

125.    By Declaration of Pooling for the Piggott Unit dated December 1, 2013, of record in the said Clerk's Office in Lease Book 331 at page 668, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 271 at page 59, Lease Book 280 at page 561 and Lease Book 268 at page 468, are to be pooled as part of the Piggott Unit.

A.10.   Twyford and Wentz Units

30

126. Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Twyford 1H (API # 47-017-06402);  Twyford 2H (API # 47-017-06494); Wentz 1H (API # 47-017-06476); and Wentz 2H (API # 47-017-06509). Ownership Chain of Title is reflected in ¶¶ 127-132 and Leasehold Chain of Title is reflected in ¶¶ 133-136 for the Twyford and Wentz Units.

127. Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 103 acre tract of real property located on Arnold's Creek, in Central District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

128. Patrick A. Wright passed away October 21, 2007 and by Will dated August 30, 2004 and recorded in Will Book 44 at page 453 devised and bequeathed his estate to Robert W. Morris, Trustee, for the benefit of his children Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright.

129. Patrick A. Wright inherited this interest in the 103 acre tract from his mother, Lelia B. Wright upon her death on July 18, 1995, through her last Will and Testament recorded in said Clerk's Office in Will Book 27 at page 401.

130. By Will dated September 23, 1987 and recorded in Will Book 19 at page 497, Ella Graham devised all her estate to her sister Lelia B. Wright.

131. By Will dated January 12, 1946 and recorded in Will Book 6 at page 466, Joseph James Graham devised his estate to his wife Ella Graham.

132.    By deed dated September 19, 1951 and recorded in Deed Book 122 at page 489, John M. L. Smith conveyed to J. J. Graham an undivided one-half (½) of the oil and gas underlying four separate tracts of land, including a tract of 103 acres on Arnolds Creek, Central District, Doddridge County, West Virginia.

133.    By Lease dated March 30, 1965, and recorded in Lease Book 86 at page 555, Ella Graham, et al leased to Joseph H. Cutlip her oil and gas interests underlying a 103 acre tract on Arnold Creek, Central District, Doddridge County, West Virginia. The Lease does **not** authorize post-production expenses; (See copy attached as Exhibit 26.)

134.    By Assignment dated April 30, 1965, and recorded in Lease Book 87 at page 38, Joseph H. Cutlip assigned to C & C Wells, Ltd. all his right, title and interest in the Lease recorded in Lease book 86 at page 555.

135.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Twyford Unit dated July 14, 2014, of record in the Doddridge County Clerk's Office in Lease Book 427 at page 141, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 86 at page 555 is to be pooled as part of the Twyford Unit.

136.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Wentz Unit dated November 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 374 at page 432, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 86 at page 555 is to be pooled as part of the Wentz Unit.

A.11.   <u>Vonda Unit</u>

137.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Vonda 1H (API # 47-017-06213) and Vonda 2H (API # 47-017-06225). Ownership Chain of Title is reflected in ¶ 138 and Leasehold Chain of Title is reflected in ¶¶ 139-143 for the Vonda Unit.

138.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 65 acre tract of real property located on Arnold's Creek, in Central District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

139.    By Lease dated March 14, 2013, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 65 acre tract. A Memorandum of Lease is recorded in Lease Book 326 at page 146. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 18.)

140.    Paragraph intentionally omitted.

141.    By Lease dated March 14, 2013, Patrick Michael Wright leased to Antero Resources corporation his oil and gas interests underlying the 65 acre tract. A Memorandum of Lease is recorded in Lease Book 312 at page 436. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 20.)

142.    By Lease dated March 14, 2013, Deborah Ann Cox leased to Antero Resources corporation her oil and gas interests underlying the 65 acre tract. A Memorandum of Lease is recorded in Lease Book 312 at page 432. Upon information and belief, this Lease includes Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 27.)

143.    By Amended Declaration of Pooling for the Vonda Unit dated December 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 394 at page 144, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 326 at page 146, Lease Book 312 at page 436, and Lease Book 312 at page 432 are to be pooled as part of the Vonda Unit.

A.12.   Janice Unit

144.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Janice 1H (API # 47-017-06780); Janice 2H (API # 47-017-06781); and Vonda 2H (API # 47-017-06782). Ownership Chain of Title is reflected in ¶145 and Leasehold Chain of Title is reflected in ¶¶ 146-149 for the Janice Unit.

145.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 70 acre tract of real property located on the waters of Mudlick Run and Hugle Run Arnold's Creek, in Central District, Doddridge County, and Tyler County, West Virginia, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris,

Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

146.    By Option to Lease dated June 25, 2011, of record in said Clerk's Office in Lease Book 258 at page 564 and Extension of Lease dated June 25, 2016, of record in Lease book 421 at page 274, Patrick Michael Wright leased to Antero Resources Corporation his interests underlying the 70 acre tract.  This Lease does **not** authorize post-production expenses. (See copies attached as Exhibits 28 and 29.)

147.    By Lease dated June 20, 2016, of record in the Clerk's Office in Lease Book 428 at page 26, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests underlying the 70 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 30.)

148.    By Lease dated October 1, 2016, of record in the Clerk's Office in Lease Book 437 at page 695, Deborah Ann Cox leased to Antero Resources Corporation her oil and gas interests underlying the 70 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 31.)

149.    By Amended Declaration of Pooling for the Janice Unit dated February 1, 2017, of record in the said Clerk's Office in Lease Book 481 at page 146, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 258 at page 564, Lease Book 428 at page 26, and Lease Book 437 at page 695 are to be pooled as part of the Janice Unit.

A.13.   Nova Unit

150.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Nova 1H (API # 47-017-

06726) and Nova 2H (API # 47-017-06726). Ownership Chain of Title is reflected in ¶ 151 and Leasehold Chain of Title is reflected in ¶¶ 152-155 for the Nova Unit.

151.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of oil and gas interests in that certain 18 acre tract of real property located on the waters of Arnold's Creek, Central District, Doddridge County, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

152.    By Lease dated January 25, 2012, of record in the Clerk's Office in Lease Book 263 at page 707, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas interests in 13.746 acres underlying the 18 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 32.)

153.    By Lease dated January 25, 2012, of record in the Clerk's Office in Lease Book 264 at page 345, Deborah Ann Cox leased to Antero Resources Corporation her oil and gas interests in 12.5 acres underlying the 18 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 33.)

154.    By Lease dated January 25, 2012, of record in the Clerk's Office in Lease Book 264 at page 335, Patrick Michael Wright leased to Antero Resources Corporation his oil and gas interests in 12. 5 acres underlying the 18 acre tract. This Lease contains Antero's Market

Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 34.)

155.    By Amended Declaration of Pooling for the Nova Unit dated November 1, 2015, of record in the Doddridge County Clerk's Office in Lease Book 458 at page 517, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 263 at page 707, Lease Book 264 at page 345, and Lease Book 264 at page 335 are to be pooled as part of the Nova Unit.

### A.14.   Ridge Unit

156.    Plaintiffs Patricia Susan Wright and Patrick Michael Wright are being paid royalties, and Plaintiff Cox prior to selling her interests, on wells identified on the royalty statements as Ridge 1H (API # 47-017-06716) and Ridge 2H (API # 47-017-06717). Ownership Chain of Title is reflected in ¶ 157 and Leasehold Chain of Title is reflected in ¶¶ 158-161 for the Ridge Unit.

157.    Plaintiffs Patrick Michael Wright and Patricia Susan Wright are the owners, as was Plaintiff Cox prior to selling her interests, of oil and gas interests in that certain 49.68 acre tract of real property located on the waters of Long Run and Wilhelm's Run, Central District, Doddridge County, and being one of the same tracts or parcels of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Robert W. Morris, Trustee of the Patrick A. Wright Trust by deed dated November 14, 2008, and recorded in the Clerk's Office in Deed Book 278 at page 94.

158.    By Lease dated October 22, 2012, of record in the Clerk's Office in Lease Book 280 at page 557, Patricia Susan Wright leased to Antero Resources Corporation her oil and gas

interests in 40.0432 acres underlying the 49.68 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 35.)

159.    By Lease dated October 22, 2012, of record in the Clerk's Office in Lease Book 283 at page 549, Deborah Ann Cox leased to Antero Resources Corporation her oil and gas interests in 40.0432 acres underlying the 49.68 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 36.)

160.    By Lease dated October 22, 2012, of record in the Clerk's Office in Lease Book 280 at page 563, Patrick Michael Wright leased to Antero Resources Corporation his oil and gas interests in 40.0432 acres underlying the 49.68 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 37.)

161.    By Amended Declaration of Pooling for the Ridge Unit dated April 1, 2016, of record in the Doddridge County Clerk's Office in Lease Book 422 at page 583, Defendant Antero declared that the leases of record in the said Clerk's Office in in Lease Book 280 at page 557, Lease Book 283 at page 549, and Lease Book 280 at page 563 are to be pooled as part of the Ridge Unit.

### B.    INTERESTS OWNED BY PLAINTIFFS DEBORAH ANN COX, PATRICIA SUSAN WRIGHT AND PATRICK MICHAEL WRIGHT IN HARRISON COUNTY, WEST VIRGINIA

162.    The allegations of Paragraphs 162 through 173 relate to interests owned by Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright in Well Units

named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks that are situate in Harrison County, West Virginia. The document book and page number notations refer to records located in the Office of the County Commission of Harrison County, West Virginia.

B.1.   Fittro, Francis, Hurst, Hurst-Zink, Morrison, and Strother Units

163.    Plaintiffs Deborah Ann Cox, Patricia Susan Wright and Patrick Michael Wright are being paid royalties on wells identified on the royalty statements as Fittro 1H (API # 47-033-05595); Francis 1H (API # 47-033-06339); Hurst 1H (API # API # 47-033-05626); Hurst 2H (API # API # 47-033-05627); Hurst-Zink (API # API # 47-033-05626); Morrison 2H API # 47-033-05222; and Strother 1H (API API # 47-033-05475). Ownership Chain of Title for the Fittro, Francis, Hurst, Hurst-Zink, Morrison, and Strother Units is reflected in ¶¶ 164-166 and Leasehold Chain of Title is reflected in ¶¶ 167-173.

164.    Plaintiffs Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox are the owners of a .416 interest in oil and gas underlying that certain 178.25 acre tract of real property located on Katy lick Run, Sardis District, Harrison County, West Virginia, and being the same tract or parcel of land conveyed unto Patrick Michael Wright, Patricia Susan Wright and Deborah Ann Cox by Wesbanco, Inc, Trustee of the Joann Wright Trust by deed dated July 9, 2008 and recorded in the Clerk's Office in Deed Book 1420 at page 28.

165.    By deed dated August 22, 2005 and recorded in the Clerks' Office in Deed Book 1379 at page 999, Patrick A. Wright, as Executor of the Will of Jo Ann Wright, recorded in the Clerks' Office in Will Book 157 at page 815, conveyed the interests in the 178.25 acre tract to the Joann Wright Trust.

166.    Jo Ann Wright inherited her interest in the 178.25 acre tract from Creed Collins Ward.

167.    By Lease dated May 2, 1905, and recorded in Deed Book 150 at page 2, Ward Taylor, et al leased to Peerless Carbon Black Company of Pittsburgh their oil and gas interests underlying a 175 acre tract on Katy Lick Run, Sardis District, Harrison County, West Virginia. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 38.)

168.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease. By Amended Declaration of Pooling for the Fittro Unit dated January 1, 2012, of record in the Harrison County Clerk's Office in Deed Book 1489 at page 477, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to be pooled as part of the Fittro Unit.

169.    By Amended Declaration of Pooling for the Francis Unit dated November 1, 2009, of record in the Harrison County Clerk's Office in Deed Book 1453 at page 946, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to pooled as part of the Fittro Unit.

170.    By Amended Declaration of Pooling for the Hurst Unit dated June 1, 2012, of record in the Harrison County Clerk's Office in Deed Book 1552 at page 559, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to be pooled as part of the Hurst Unit.

171.    By Amended Declaration of Pooling for the Hurst-Zink Unit dated August 1, 2012, of record in the Harrison County Clerk's Office in Deed Book 1497 at page 705, Defendant

Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to be pooled as part of the Hurst-Zink Unit.

172.    By Second Amended Declaration of Pooling for the Morrison Unit dated June 1, 2009, of record in the Harrison County Clerk's Office in Deed Book 1449 at page 1187, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to be pooled as part of the Morrison Unit.

173.    By Declaration of Pooling for the Strother Unit dated November 1, 2010, of record in the Harrison County Clerk's Office in Deed Book 1459 at page 714, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 150 at page 2 is to be pooled as part of the Morrison Unit.

### C.    *INTERESTS OWNED BY PLAINTIFF RICHARD L. ARMSTRONG IN DODDRIDGE COUNTY, WEST VIRGINIA*

174.    The allegations of Paragraphs 174 through 234 relate to interests owned by Plaintiff Richard L. Armstrong and Donald R. Reynolds in Well Units situated in Doddridge County, West Virginia named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks . The document book and page number refer to records located in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

C.1.    Bierstadt, James, Stella and Washington Units

175.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Bierstadt 1H (API # 47-017-06561); Bierstadt 2H (API # 47-017-06562); James 1H (API # 47-017-06620); James 2H (API # 47-017-06619); Stella 1H (API # 47-017-06563); Stella 2H (API # 47-017-06564); Washington 1H (API # 47-017-

06370); and Washington 2H (API # 47-017-06371). Ownership Chain of Title is reflected in ¶¶ 176-181 and Leasehold Chain of Title is reflected in ¶¶ 182-191.

176.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in those certain 105 acre and 81 acre 80 poles tracts of real property located on waters of Cabin Run, Central District, Doddridge County, West Virginia, and being two of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

177.    The interest in the said 105 acre tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 337 by G. Russell Rollyson, appointee of Glen B. Gainer III, State Auditor to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of William M. Broadwater on 1/4 of 1/5 of 1/14 on 105 A O&G Cabin Run, Central District, Doddridge County, West Virginia.

178.    The interest in the said 81 acre 80 poles tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 314 by G. Russell Rollyson, appointee of Glen B. Gainer III, State Auditor to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of William M. Broadwater on 1/4 of 1/5 of 1/14 on 81A 80P O&G Cabin Run, Central District, Doddridge County, West Virginia.

179.    The interest in the said 105 acre and 81 acre 80 poles tracts are the same interests inherited by William M. Broadwater from William V. Broadwater by Will dated June 1, 1987 and recorded in Misc. Book 16 at page 400.

180.    The interest in the said 105 acre and 81 acre 80 poles tracts are the same interests inherited by William V. Broadwater as an heir of Juna Broadwater who died, intestate May 1, 1986 as reflected in Appraisement book 15 at page 559.

181.    The interest in the said 105 acre tract was part of an 187 acre tract and is the same interest reserved by Juna Broadwater as an heir of W.T. Squires in that Deed dated May 15, 1962 and recorded in Deed Book from Lucy J. Squires, et al to Ralph Leggett.

182.    By Lease Book 60 at page 50 dated July 29, 1957 from Ralph Legget et ux, Juna Broadwater, et al. to Allegheny Land and Mineral Co. and Lease Book 60 at page 131 dated July 29, 1957 from Ralph Legget et ux to Allegheny Land and Mineral Co., the heirs of W.T. Squire leased their oil and gas interests underlying the 187 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 39.)

183.    By Lease Book 60 at page 131 dated July 29, 1957 from Gussie Leggett et ux, Juna Broadwater, et al. to Allegheny Land and Mineral Co. and Lease Book 60 at page 131 dated July 29, 1957 from Ralph Legget, et ux, to Allegheny Land and Mineral Co., the heirs of W.T. Squire leased their oil and gas interests underlying the 187 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 40.)

184.    On August 12, 1983 Allegheny Land and Mineral Company became Alamco, Inc., as reflected in Deed Book 254 at page 443.

185.    On January 21, 1999 Alamco, Inc.. merged into Columbia Natural Resources, Inc., as reflected in Deed Book 240 at page 673.

186.    By Agreement of merger between Columbia Natural Resources, LLC, and Chesapeake Appalachia, LLC, all leasehold rights in Doddridge County were transferred to

43

Chesapeake Appalachia, LLC, by Confirmatory Deed dated February 1, 2006 and recorded in Deed Book 264 at page 447.

187.    On information and belief, Chesapeake Appalachia, LLC, assigned its rights in the subject leasehold estates to Antero Resources Corporation.

188.    By Amended Declaration of Pooling for the Bierstadt Unit dated April 1, 2015, of record in the Doddridge County Clerk's Office in Lease Book 428 at page 69, Defendant Antero declared the leases of record in the said Clerk's Office in Lease Book 60 at page 50 and Lease Book 60 at page 131 to be pooled as part of the Bierstadt Unit.

189.    By Amended Declaration of Pooling for the James Unit dated February 1, 2015, of record in the said Clerk's Office in Lease Book 428 at page 435, Defendant Antero declared the leases of record in the said Clerk's Office in Lease Book 60 at page 50 and Lease Book 60 at page 131 to be pooled as part of the James Unit.

190.    By Declaration of Pooling for the Stella Unit dated February 1, 2015, of record in the Doddridge County Clerk's Office in Lease Book 390 at page 374, Defendant Antero declared the leases of record in the said Clerk's Office in Lease Book 60 at page 50 and Lease Book 60 at page 131 to be pooled as part of the Stella Unit.

191.    By Amended Declaration of Pooling for the Washington Unit dated August 12, 2014, of record in the Doddridge County Clerk's Office in Lease Book 422 at page 189, Defendant Antero declared the leases of record in the said Clerk's Office in Lease Book 60 at page 50 and Lease Book 60 at page 131 to be pooled as part of the Washington Unit.

C.2.    Downs Unit

192.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Downs 1H (API # 47-017-06433) and Downs 2H (API # 47-017-06434). Ownership Chain of Title is reflected in ¶¶ 193-194 and Leasehold Chain of Title is reflected in ¶¶ 195-199.

193.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 59 acre tract of real property located on waters of Greenbrier Creek, Greenbrier District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will probated and recorded in the said Clerk's Office in Will Book 79 at page 717. The said Eugene H. Armstrong departed this life on August 18, 2015.

194.    The interest in the said 59 acre tract is the same interest conveyed by Deed dated September 10, 2014 and recorded in Deed Book 333 at page 460 by G. Russell Rollyson, appointee of Glen B. Gainer III, State Auditor, to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Maxine D. Chapman described as 59 Leased Ac Mineral Int, Greenbrier District, Doddridge County, West Virginia.

195.    By Lease dated November 6, 1986 and recorded in Lease Book 149 at page 203 to Clarence W. Mutschelknaus, Maxine D. Chapman leased her oil and gas interests underlying the 59 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 41.)

196.    By Assignment dated November 30, 2010 and recorded in Lease Book 257 page 323, the Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease Book 240 at page 587.

197.    On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP, and BEP Merger Sub LP was thereafter merged into Antero Resources Bluestone, LLC by Certificate of Merger dated December 27, 2010 and recorded in Lease Book 288 at page 1.

198.    On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

199.    By Amended Declaration of Pooling for the Downs Unit dated June 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 428 at page 77, Defendant Antero declared that the lease of record in the said Clerk's Office in Lease Book 149 at page 203 is to be pooled as part of the Downs Unit.

### C.3.    Gainer, Irons, and Rikk Units

200.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Gainer 1H (API #47-017-06210); Gainer 2H (API #47-017-06226); Irons 1H (API # 47-017-06245); Irons 2H (API # 47-017-06232); Rikk 1H (API #47-017-06228); and Rikk 2H (API # 47-017-06231). Ownership Chain of Title is reflected in ¶ 201 and Leasehold Chain of Title is reflected in ¶¶ 202-208.

201.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 83.61 acre tract of real property located on waters of Buffalo Calf Fork, Greenbrier District, Doddridge County, West Virginia, and being the same interest conveyed by Deed dated April 1, 2016 and recorded in Deed Book 369 at page 525 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Richard Eugene Armstrong. Therein, Armstrong purchased a tax lien in the name of James B. Casler III for 83.61 35.5 Leased Ac Buffalo Calf Fork, Greenbrier District, Doddridge County, West Virginia.

202.    By Lease dated April 24, 1985 and recorded in Lease Book 141 at page 396, and Lease dated April 24, 1985 and recorded in Lease Book 141 at page 537, James Casler III leased to Clarence W. Mutschelknaus his oil and gas interests underlying the 83.61 acre tract. This Lease does **not** authorize post-production expenses. (See copies attached as Exhibits 42 and 43.)

203.    By Assignment dated November 30, 2010 and recorded in Lease Book 257 at page 323, Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease book 240 at page 587.

204.    On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP and BEP Merger Sub LP was merged into Antero Resources Bluestone, LLC by Certificate of Merger dated December 27, 2010 and recorded in Lease Book 288 at page 1.

205.    On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

206.    By Declaration of Pooling for the Gainer Unit dated December 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 480 page 308, Defendant Antero declared that the leases of record in said Clerk's Office in Lease Book 141 page 596 and Lease Book 141 page 537 are to be pooled as part of the Gainer Unit.

207.    By Declaration of Pooling for the Irons Unit dated January 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 333 page 247, Defendant Antero declared that the leases of record in said Clerk's Office in Lease Book 141 page 596 and Lease Book 141 page 537 are to be pooled as part of the Irons Unit.

208.    By Declaration of Pooling for the Rikk Unit dated April 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 426 page 209, Defendant Antero declared that

the leases of record in said Clerk's Office in Lease Book 141 page 596 and Lease Book 141 page 537 are to be pooled as part of the Rikk Unit.

C.4.    Gaskins Unit

209.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Gaskin 1H (API # 47-017-06260) and Gaskin 2H (API # 47-017-06205). Ownership Chain of Title is reflected in ¶¶ 210-216 and Leasehold Chain of Title is reflected in ¶¶ 217-222.

210.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 35.5 acre tract of real property located on waters of Little Flint Run, Grant District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

211.    The interest in the said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 277 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Sharon & Dale Urban 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

212.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 443 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Carmi and Zulene Gaston 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

213.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 482 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Anna J. & Donald W. Angle 36 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

214.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 310 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Mary Wright 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

215.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 235 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Joann & Brady Thomas 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

216.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 297 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Kenneth Williams 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

217.    By Lease dated May 3, 1991 and recorded in Lease Book 167 page 594, Carmi and Zulene Gaston leased to Clarence W. Mutschelknaus their oil and gas interests underlying the

35.5 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 44.)

218.     By Lease dated July 19, 1991 and recorded in Lease Book 167 page 646, Sharon E. And Dale R. Urban leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 35.5 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 45.)

219.     By Assignment dated November 30, 2010 and recorded in Lease Book 257 page 323, Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease book 240 page 587.

220.     On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP and BEP Merger Sub LP was merged into Antero Resources Bluestone, LLC by Certificate of Merger dated December 27, 2010 and recorded in Lease Book 288 page 1.

221.     On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

222.     By Declaration of Pooling for the Gaskin Unit dated July 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 308 page 660, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 167 page 594 and Lease Book 167 page 646 are to be pooled as part of the Gaskins Unit.

C.5.    Hardin Unit

223.   Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Hardin 1H (API # 47-017-06375). Ownership Chain of Title is reflected in ¶¶ 224-230 and Leasehold Chain of Title is reflected in ¶¶ 231-236.

224.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 35.5 acre tract of real property located on waters of Little Flint Run, Grant District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

225.    The interest in the said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 277 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Sharon & Dale Urban 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

226.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 443 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Carmi and Zulene Gaston 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

227.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated April 1, 2015 and recorded in Deed Book 351 page 482 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Anna J. & Donald W. Angle 36 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

228.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 310 by G. Russell Rollyson, Deputy

Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Mary Right 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

229.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 235 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Joann & Brady Thomas 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

230.    An additional interest in said 35.5 acre tract is the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 297 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene Richard Armstrong. Therein, Armstrong purchased a tax lien in the name of Kenneth Williams 35.5 Leased Ac Little Flint Run, Grant District, Doddridge County, West Virginia.

231.    By Lease dated May 3, 1991 and recorded in Lease Book 167 page 594, Carmi and Zulene Gaston leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 35.5 acre tract. This Lease does **not** authorize post-production expenses. (See Exhibit 44.)

232.    By Lease dated July 19, 1991 and recorded in Lease Book 167 page 646, Sharon E. and Dale R. Urban leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 35.5 acre tract. This Lease does **not** authorize post-production expenses. (See Exhibit 45.)

233.    By Assignment dated November 30, 2010 and recorded in Lease Book 257 page 323, Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease book 240 page 587.

234. On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP and BEP Merger Sub LP was merged into Antero Resources Bluestone, LLC by Certificate of Merger dated December 27, 2010 and recorded in Lease Book 288 page 1.

235. On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

236. By Declaration of Pooling for the Hardin Unit dated September 21, 2014, of record in the Doddridge County Clerk's Office Lease Book 367 page 232, Defendant Antero declared that the leases of record in the said Clerk's Office in Lease Book 167 page 594 and Lease Book 167 page 646 are to be pooled as part of the Hardin Unit.

C.6.   Morton and Ranier Units

237. Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Morton 1H (API # 47-017-06559); Morton 2H (API # 47-017-06560); and Ranier 2H (API # 47-017-06763). Ownership Chain of Title is reflected in ¶ 238 and Leasehold Chain of Title is reflected in ¶¶ 239-242.

238. Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 92.8 acre tract of real property located on waters of Brushy Fork of Doe Run, West Union District, Doddridge County, West Virginia, and being the same interest conveyed by Deed dated October 15, 2013 and recorded in Deed Book 316 page 366 by G. Russell Rollyson, Deputy Commissioner of Forfeited and Delinquent Lands to Eugene H. Armstrong and Richard L. Armstrong. Therein, the Armstrongs purchased a tax lien in the name of Barbara Marchio Int in ½ O&G Share 92.8 Ac Brushy Fk of Doe Run, West Union District, Doddridge County, West Virginia.

239.    By Lease dated June 12, 1996 and recorded in Lease Book 178 page 349, Barbara K. Marchio leased to Trio Petroleum Corporation her oil and gas interests underlying the 92 acre tract. This Lease does **not** authorize post-production expenses on production of oil or gas. The lease authorizes the Lessees to pay to Lessor the "net value at the factory of the gasoline and other gasoline products manufactured from casinghead gas." (See copy attached as Exhibit 46.)

240.    By Modification of Oil and Gas Lease dated October 5, 2014 and recorded in Lease Book 374 at page 399, Eugene H. Armstrong ratified and confirmed the aforementioned Lease recorded in Lease Book 178 at page 349.

241.    There is no assignment of record of the lease rights under the Marchio lease to Antero Resources; nonetheless, by Declaration of Pooling for the Morton Unit dated January 1, 2015, of record in the Doddridge County Clerk's Office in Lease Book 405 page, Defendant Antero declared the lease recorded in Lease Book 178 page 349 to be pooled as part of the Morton Unit.

242.    There is no assignment of record of the lease rights under the Marchio lease to Antero Resources; nonetheless, by Declaration of Pooling for the Ranier Unit dated January 1, 2016, of record in the Doddridge County Clerk's Office in Lease Book 419 page 82, Defendant Antero declared the lease recorded in Lease Book 178 page 349 to be pooled as part of the Ranier Unit.

### D.    ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF RICHARD L. ARMSTRONG IN HARRISON COUNTY, WEST VIRGINIA

243.    The allegations of Paragraphs 243 through 253 relate to interests owned by Plaintiff Richard L. Armstrong in Well Units named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks that are situated in

Harrison County, West Virginia. The document book and page number refer to records located in the Office of the Clerk of the County Commission of Harrison County.

          D.1.    <u>Furbey Unit</u>

244.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Furbey 1H (API # 4 47-017-06139) and Furbey 2H (API # 47-017-06138). Ownership Chain of Title is reflected in ¶¶ 245-249 and Leasehold Chain of Title is reflected in ¶¶ 250-253.

245.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests in that certain 30.5 acre part of a 65 acre tract of real property located on waters of Stutler Fork, Union District, Harrison County, West Virginia, and being one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

246.    By deed dated March 9, 2010, G. Russell Rollyson, Jr. Deputy Commissioner of Forfeited and delinquent Lands conveyed to Peggy A. Armstrong and Eugene H. Armstrong that real estate in the name of Iona Martin and described as Int Leased O&G Cons #9844 which is the oil and gas interests underlying a 30.5 acres tract reserved from that deed dated January 19, 1998 and recorded in deed Book 1296 at page 1188 from Iona Martin to Peter C. MacDonald, et al.

247.    By deed dated September 10, 1977 and recorded in Deed Book 1061 at page 127, Grace C. Harper conveyed to Iona Martin all her interests in the tract of 30.5 acres.

248.    By deed dated August 28, 1963 and recorded in Deed Book 880 at page 222, Opal M. King conveyed to Grace C. Harper all her interest in the tract of 30.5 acres, which she inherited from Wirt Stutler as one of his three children, including Grace C. Harper and Paul A.

Stutler.

249.    By deed dated April 2, 1901 and recorded in the Clerk's Office in deed Book 127 at page 163 E.A. Stutler and William Stutler, her husband, conveyed to their son Wirt Stutler, the 30.5 acre tract, which included ½ of the oil and gas rights there underlying, for the lifetime of Wirt Stutler and the remainder to the "heirs of his blood" at his death.

250.    By Lease dated March 7, 1900, and recorded in Deed Book 118 at page 473, E.A. Stutler leased to South Penn Oil Co. his oil and gas interests underlying a 65 acre tract on Stutler Fork, Union District, Harrison County, West Virginia. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 47.)

251.    Upon information and belief, the Stutler lease through various mesne conveyances was assigned from South Penn Oil Company to Dominion Exploration and Production Corporation.

252.    By Partial Assignment of Oil and Gas Leases dated September 29, 2008, Dominion Exploration and Production Corporation and Dominion Appalachian Development, LLC assigned to Antero Resources Appalachian Corporation all its right title and interest in the Stutler Lease.

253.    By Amended Declaration of Pooling for the Furbey Unit dated December 1, 2013, of record in the Harrison County Clerk's Office in Deed Book 1537 at page 1225, Defendant Antero declared that the lease of record in the said Clerk's Office in Deed Book 118 at page 473 is to be pooled as part of the Fittro Unit.

### E.    ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFFS RICHARD L. ARMSTRONG AND DONALD R. REYNOLDS IN DODDRIDGE COUNTY, WEST VIRGINIA

254.    The allegations of Paragraphs 254 through 285 relate to interests owned by Plaintiff Richard L. Armstrong and Donald R. Reynolds in Well Units named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks that are situate in Doddridge County, West Virginia. The document book and page number refer to records located in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

E.1.    Banner Unit

255.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Banner 1H (API # 47-095-02164) and Banner 2H (API # 47-095-02165). Ownership Chain of Title is reflected in ¶¶ 256-258 and Leasehold Chain of Title is reflected in ¶¶ 259-263.

256.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in that certain 50 acre tract of real property located on waters of McElroy Creek, McClellan District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

257.    The said 50 acre tract was one of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 54 page722.

258.    The said 50 acre tract was one of the same tracts or parcels conveyed by T. Marie Reynolds to Donald R. Reynolds by deed dated August 6, 1987, and recorded in Deed Book 203

at page 355.

259.    By Lease dated February 2, 2010 and recorded in Lease Book 240 page 587, Peggy Ann Armstrong and Donald R. Reynolds leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 50 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 48.)

260.    By Assignment dated November 30, 2010 and recorded in Lease Book 257 page 323, Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease book 240 page 587.

261.    On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP and BEP Merger Sub LP was merged into Antero Resources Bluestone, LLC by Certificate of Merger dated December 27, 2010 and recorded in Lease Book 288 page 1.

262.    On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

263.    By Amended Declaration of Pooling for the Tabor Unit dated September 2, 2015, of record in the Doddridge County Clerk's Office in Lease Book 410 page 237, Defendant Antero declared that the lease recorded in the said Clerk's Office in Lease Book 240 page 587 to be pooled as part of the Banner Unit.

E.2.    Prudence Unit

264.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Prudence 1H (API # 47-095-02166) and Prudence 2H (API # 47-095-02167). Ownership Chain of Title is reflected in ¶¶ 265-266 and Leasehold Chain of Title is reflected in ¶¶ 267-268.

265.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in that certain 63.65 acre tract of real property located on waters of Elk Lick Run, McClellan District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

266.    The said interests in that certain 63.65 acre tract of real property located on waters of Elk Lick Run, McClellan District, Doddridge County, West Virginia are part of the interests in the same tracts or parcels conveyed by T. Marie Reynolds to Donald R. Reynolds by deed dated August 6, 1987, and recorded in Deed Book 203 at page 355.

267.    By Lease dated August 28, 2015 and referenced by Memorandum of Lease recorded in Lease Book 410 page 253, the Estate of Eugene H. Armstrong, by Richard L. Armstrong, Executor, and by lease dated August 28, 2015 and recorded in the Clerk's Office in Lease Book 410 at page 256, Donald R. Reynolds leased to Antero Resources Corporation their oil and gas interests underlying a 63.65 acre tract. Upon information and belief, theses leases contain Antero's Market Enhancement (Gross Proceeds) clause and do **not** authorize post-production expenses. (See Exhibits 49 and 50.)

268.    By Amended Declaration of Pooling for the Prudence Unit dated September 2, 2015, of record the Doddridge County Clerk's Office in Lease Book 425 page 499, Defendant Antero declared that the leases in the said Clerk's Office in Lease Book 410 page 253 and Lease Book 410 page 256 are to be pooled as part of Tract E of the Prudence Unit.

E.3.    Tabor Unit

269.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties

59

by Defendant Antero on wells identified on the royalty statements as Tabor 1H (API # 47-095-02162) and Tabor 2H (API # 47-095-02163). Ownership Chain of Title is reflected in ¶¶ 270-271, 277-278 and Leasehold Chain of Title is reflected in ¶¶ 272-276, 279-280.

### a.    Tract D of Tabor Unit:

270.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in that certain 50 acre tract of real property located on waters of McElroy Creek, McClellan District, Doddridge County, West Virginia, and being the one of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

271.    The said 50 acre tract was one of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 54 page 722.

272.    By Lease dated February 2, 2010 and recorded in Lease Book 240 page 587 Peggy Ann Armstrong and Donald R. Reynolds leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 50 acre tract. This Lease does **not** authorize post-production expenses. (See Exhibit 48.)

273.    By Assignment dated November 30, 2010 and recorded in Lease Book 257 page323, Clarence W. Mutschelknaus assigned to Bluestone Energy Partners all his right, title and interest in the Lease recorded in Lease Book 240 page 587.

274.    On December 28, 2010, Bluestone Energy Partners merged into BEP Merger Sub, LP and BEP Merger Sub LP was merged into Antero Resources Bluestone, LLC by Certificate of

Merger dated December 27, 2010 and recorded in Lease Book 288 page 1.

275.    On March 28, 2014 Antero Resources Bluestone, LLC merged into Antero Resources Corporation.

276.    By Amended Declaration of Pooling for the Tabor Unit dated July 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 428 page 53, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 240 page 587 is to be pooled as part of Tract D of the Tabor Unit.

b.    Tract G of Tabor Unit:

277.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in that certain 63.65 acre tract of real property located on waters of McElroy Creek, McClellan District, Doddridge County, West Virginia, and being one of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

278.    The said interests in that certain 63.65 acre tract of real property located on waters of Elk Lick Run, McClellan District, Doddridge County, West Virginia are part of the interests in the same tracts or parcels conveyed by T. Marie Reynolds to Donald R. Reynolds by deed dated August 6, 1987 and recorded in Deed Book 203 at page 355.

279.    By Lease dated August 25, 2015 and referenced by Memorandum of Lease recorded in Lease Book 410 page 253, the Estate of Eugene H. Armstrong, by Richard L. Armstrong, Executor, and by Lease dated August 25, 2015 and recorded in the Clerk's Office in Lease Book 410 at page 256, Donald R. Reynolds leased to Antero Resources Corporation their

oil and gas interests underlying a 63.65 acre tract. Upon information and belief, theses leases contain Antero's Market Enhancement (Gross Proceeds) clause and do **not** authorize post-production expenses. (See Exhibits 49 and 50.)

280.    By Amended Declaration of Pooling for the Tabor Unit dated July 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 428 page 53, Defendant Antero declared that the lease of record in the said Clerk's Office referenced in Lease Book 410 page 253 is to be pooled as part of Tract G of the Tabor Unit.

E.5.    Weinhold Unit

281.    Plaintiff Richard L. Armstrong is being paid royalties by Defendant Antero on wells identified on the royalty statements as Weinhold 1H (API # 47-095-02162) and Weinhold 2H (API # 47-095-02163). Ownership Chain of Title is reflected in ¶¶ 282-283 and Leasehold Chain of Title is reflected in ¶¶ 284-285. Plaintiff Reynolds has not been paid any royalties on wells in the Weinhold Unit.

282.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in that certain four (4) tracts of land of 99 ½ acres, 50 acres, 50 acres and 991/2 acres situate on waters of Nutters Fork, West Union District, Doddridge County, West Virginia, and being some of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this life on August 18, 2015.

283.    The said interests in that certain four (4) tracts of land of 99 ½ acres, 50 acres, 50 acres and 991/2 acres situated on waters of Nutters Fork, West Union District, Doddridge County, West Virginia are part of the interests in the same tracts or parcels conveyed by T. Marie

Reynolds to Donald R. Reynolds by deed dated August 6, 1987 and recorded in Deed Book 203 at page 355.

284.    By Lease dated February 25, 1985 and recorded in Lease Book 140 page 508, Thomas G. Reynolds and T. Marie Reynolds, and Peggy Ann Armstrong and Eugene H. Armstrong leased to Clarence W. Mutschelknaus their oil and gas interests underlying the 50 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 51.)

285.    By Amended Declaration of Pooling for the Weinhold Unit dated December 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 396 page 613, Defendant Antero declared that the leases in the said Clerk's Office referenced as to Tract B are executed by co-owners of the 50 acre tract, and on information and belief, the lease recorded in Lease Book140 at page 508 is part of Tract B of the Weinhold Unit.

### F.    ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF RICHARD L. ARMSTRONG AND DONALD R. REYNOLDS IN HARRISON COUNTY, WEST VIRGINIA

286.    The allegations of Paragraphs 286 through 375 relate to interests owned by Plaintiffs Richard L. Armstrong and Donald R. Reynolds in Well Units situated in Harrison County, West Virginia named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks. The document book and page number refer to records located in the Office of the Clerk of the County Commission of Harrison County, West Virginia.

### F.1.    Cleta, Opie, and Truman Units

287.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Cleta 1H (API # 47-033-

05659); Cleta 2H (API # 47-033-05651); Opie 1H (API # 47-033-05677); Truman 1H (API # 47-033-05714); and Truman 2H (API # 47-033-05715). Ownership Chain of Title is reflected in ¶¶ 288-290 and Leasehold Chain of Title is reflected in ¶¶ 291-297.

288.   Plaintiff Richard L. Armstrong is the owner of oil and gas interests underlying those certain tracts of 48 acres, 10.32 acres, 120 acres and 179 acres situated on waters of Turtle Tree Fork, Union District, Harrison County, West Virginia, and being some of the same tracts or parcels of land inherited by Plaintiff Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene H. Armstrong departed this life on August 18, 2015.

289.   Plaintiff Donald R. Reynolds is the owner of interests in the oil and gas underlying a certain tract of 44 acres situated on waters of Turtle Tree Fork, Union District, Harrison County, West Virginia as conveyed by G. Russell Rollyson, Jr., Deputy Commissioner of Forfeited and Delinquent Lands, by deed dated June 12, 2006 and recorded in Deed Book 1391 at page 633.

290.   Plaintiff Donald R. Reynolds is the owner of interests in the oil and gas underlying a certain tract of 147 acres situated on waters of Turtle Tree Fork, Union District, Harrison County, West Virginia conveyed by G. Russell Rollyson, Jr., Deputy Commissioner of Forfeited and Delinquent Lands, by deed dated April 2, 2003 and recorded in Deed Book 1349 at page 760. Upon information and belief, the 147 acres tract is a part the Cleta Unit, Opie and Truman Units.

291.   By Lease dated April 8, 1896 and recorded in Deed Book 99 page 7, J. A. L. Day et ux, leased to R. A. Garrett his oil and gas interests underlying a 50 acre tract. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. Upon information and

belief, the interests owned by Plaintiffs Richard L. Armstrong and Donald R. Reynolds are part of the lease. (See copy attached as Exhibit 52.)

292.    By Assignment dated December 9, 1898 and recorded in Deed Book 106 page 376, T.M. Jackson, R. A. Garrett, et al. assigned to South Penn Oil Company all their right, title and interest in the Lease recorded in Lease Book 99 page 7.

293.    By Assignment, Bill of Sale and Conveyance dated July 1, 1988 and recorded in Deed Book 1190 page 92, Scott Oil Company and James F. Scott conveyed all their right, title and interest in  the Lease dated April 8, 1896 and recorded in Deed Book 99 page 7 wherein J. A. L. Day et ux, leased to R. A. Garrett his oil and gas interests underlying a 50 acre tract. There is no document of record wherein South Penn Oil Company conveyed its interests in said lease to Scott Oil Company of James F. Scott.

294.    By Assignment, Bill of Sale and Conveyance dated October 14, 1988 and recorded in Deed Book 1190 page 46, Darrell D. Wright assigned to Dominion Energy, Inc. all his right, title and interest in the Lease dated April 8, 1896 and recorded in Deed Book 99 page 7 wherein J. A. L. Day et ux, leased to R. A. Garrett his oil and gas interests underlying a 50 acre tract which Wright acquired from Scott Oil Company and James F. Scott.

295.    By Modification of Oil and Gas Lease dated December 15, 2012 and recorded in Deed Book 1502 at page 932, Eugene H. Armstrong ratified and confirmed the aforementioned Lease recorded in Deed Book 99 page 7. (See copy attached as Exhibit 53.)

296.    By Modification of Oil and Gas Lease dated September 14, 2012 and recorded in Deed Book 1498 at page 688, Donald R. Reynolds ratified and confirmed the aforementioned Lease recorded in Deed Book 99 page 7. (See copy attached as Exhibit 54.)

297.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Amended Declaration of Pooling for the Cleta Unit dated October 1, 2012, of record in the Harrison County Clerk's Office in Lease Book 382 page 574, Defendant Antero declared that the lease referenced in Lease Book 99 page 7 is to be pooled as part of Tract 6 of the Cleta Unit.

                F.2.    Fittro, Francis and Plant Units

298.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Fittro 1H (API # 47-033-05595); Francis 1H (API # 47-033-05339); Plant 1H (API # 47-033-05603); and Plant 2H (API # 47-033-05604). Ownership Chain of Title is reflected in ¶¶ 299-304 and Leasehold Chain of Title is reflected in ¶¶ 305-310.

299.    Plaintiff Richard L. Armstrong is the owner of oil and gas interests underlying those certain tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres, and 79 acres of real property located on waters of Katy Lick, Coal District, Harrison County, West Virginia, and being part of the same tracts or parcels of land inherited from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene H. Armstrong departed this life on August 18, 2015.

300.    The said tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres, and 79 acres are part of the same interests in tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6, 2011.

301.    Plaintiff Donald R. Reynolds is the owner of oil and gas interests underlying those certain tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres, and 79 acres of real property located on waters of Katy Lick, Coal District, Harrison County, West Virginia, and being part of the same tracts or parcels of land conveyed to Plaintiff Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed Book 1177 at page 234.

302.    The said tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres , and 79 acres are part of the same tracts or parcels of land inherited by T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

303.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in the said tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres, and 79 acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

304.    Kate Hardin Reynolds inherited the interests in the said tracts of 50.307 acres, 31.44 acres, 174 acres, 140 acres, and 79 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

305.    By Lease dated January 31, 1989 and recorded in Deed Book 1197 page 471 Peggy Ann Armstrong and Eugene Armstrong leased to Bowie, Inc. their oil and gas interests underlying the 80 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 55.)

306.    By Assignment dated September 21, 2009 and recorded in Deed Book 1437 page 695, Bowie, Inc. assigned to Antero Resources Appalachian Corporation all its right, title and interest in the Lease recorded in Lease Book 1437 page 695.

307.    By Modification of Oil and Gas Lease dated September 23, 2009 and recorded in Deed Book 1437 at page 467, Peggy Armstrong and Donald Reynolds ratified and confirmed the aforementioned Lease recorded in Deed Book 1197 page 471. (See copy attached as Exhibit 56.)

308.    By Amended Declaration of Pooling for the Fittro Unit dated January 1, 2012, of record in the Harrison County Clerk's Office in Lease Book 1489 page 477, Defendant Antero declared that the lease referenced in Lease Book 1197 page 471 is to be pooled as part of Tract 9 of the Fittro Unit.

309.    By Amended Declaration of Pooling for the Francis Unit dated November 1, 2009, of record in the Harrison County Clerk's Office in Lease Book 1453 page 926, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 1197 page 471 is to be pooled as part of Tract 2 of the Francis Unit.

310.    By Second Amended Declaration of Pooling for the Payne Unit dated March 1, 2012, of record in the Harrison County Clerk's Office in Lease Book 1527 page 38, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 1197 page 471 is to be pooled as part of Tract 12 of the Plant Unit.

F.3.    Georgé, Kermit, and Stutler Units

311.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as George 1H (API #47-033-05631); George 2H (API # 47-033-05632); Kermit 1H (API 47-033-05593); Kermit 2H (API #

47-033-05594); Kermit 3H (API # 47-033-05591); and Stutlert 1H (API # 47-033-05586).

Ownership Chain of Title is reflected in ¶¶ 312-320 and Leasehold Chain of Title is reflected in

¶¶ 321-324.

312.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and

gas interests in that certain 120 acre tract of real property located on waters of Tenmile Creek,

Union District, Harrison County, West Virginia, and being one of the same tracts or parcels of

land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will

dated April 22, 1987 and recorded in Will Book 79 page 717. Eugene H. Armstrong departed this

life on August 18, 2015.

313.    The said tract of 120 acres is part of the same interests in tracts or parcels of land

inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April

22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6,

2011.

314.    Plaintiff Donald R. Reynolds is the owner of oil and gas interests underlying said

tract of 120 acres of real property located on waters of Tenmile Creek, Union District, Harrison

County, West Virginia, and being part of the same tracts or parcels of land conveyed to Plaintiff

Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed

Book 1177 at page 234.

315.    The said tract of 120 acres is part of the same tracts or parcels of land inherited by

T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will

Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

316.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in said tract of 120 acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

317.    Kate Hardin Reynolds inherited the interests in said tract of 120 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

318.    By Tax Deed dated April 1, 1969 and recorded in Deed book 957 at page 69, Frank J. Maxwell, Jr., Clerk of the County Court of Harrison County, West Virginia conveyed to Thomas Fitzhugh Reynolds the interests of Margaret Matson and Jennings Maston in said 120 acre tract.

319.    By deed dated April 8, 1946, and recorded in Deed Book 603 at page 197, Esta Post Cozad conveyed to Margaret Maston and Jennings Walter Maston her interests in the Oil and Gas underlying said 120 acre tract.

320.    Esta Post Cozad inherited her interests in said 120 acre tract as one of the heirs of George A. Post, who died intestate on August 11, 1919.

321.    By Lease dated November 12, 1906, and recorded in Deed Book 172 at page 217, George A. Post leased to Hope Natural Gas Co. his oil and gas interests underlying a 130 acre tract on Tenmile Creek, Union District, Harrison County, West Virginia. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 57.)

322.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Amended Declaration of Pooling for the George Unit dated June 1,

2012, of record in the Harrison County Clerk's Office in Lease Book 1502 page 583, Defendant

Antero declared that the lease referenced in said Clerk's Office in Lease Book 172 page 217 is to

be pooled as part of Tract 7 of the George Unit.

323.    By Declaration of Pooling for the Kermit Unit dated January 1, 2012, of record in

the Harrison County Clerk's Office in Lease Book 1484 page 1154, Defendant Antero declared

that the lease referenced in said Clerk's Office in Lease Book 172 page 217 is to be pooled as part

of Tract 3 of the Kermit Unit.

324.    By Declaration of Pooling for the Stutler Unit dated January 1, 2012, of record in

the Harrison County Clerk's Office in Lease Book 1483 page, Defendant Antero declared that the

lease referenced in said Clerk's Office in Lease Book 172 page 217 is to be pooled as part of

Tract 3 of the Stutler Unit.

F.4    Alfred, Gerrard, Haney, and Reynolds Units

325.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties

by Defendant Antero on wells identified on the royalty statements as Alfred 1H (API # 47-033-

05472); Alfred 2H (API # 47-033-05473); Gerrard 1H (API # 47-033-05429); Gerrard 2H (API #

47-033-05430); Haney 1H (API # 47-033-05427); Haney 2H (API # 47-033-05428); Reynolds

1H (API #47-033-05451) and Reynolds 2H (API # 47-033-05450) .  Ownership Chain of Title is

reflected in ¶¶ 326-333 and Leasehold Chain of Title is reflected in ¶¶ 334-341.

326.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and

gas interests in that certain 500 acre tract of real property located on waters of Limestone Creek,

Coal District, Harrison County, West Virginia. The interests are some of the same tracts or

parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong

through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene H. Armstrong departed this life on August 18, 2015.

327.    The said interests in said 500 acre tract are part of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6, 2011.

328.    The said interests in said 500 acre tract are part of the same tracts or parcels of land conveyed to Plaintiff Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed Book 1177 at page 234.

329.    The said tract of said tract of 500 acres is part of the same tracts or parcels of land inherited by T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

330.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in said tract of 500 acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

331.    Kate Hardin Reynolds inherited the interests in said tract of 500 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

332.    The said multiple interests derived from the 500 acre tract are some of the same tracts or parcels of land conveyed by Deed dated November 12, 1929 and recorded in Deed Book 406 page 276 by Charles E. Reynolds to T. Fitzhugh Reynolds and Benjamin J. Reynolds.

333.    The said multiple interests derived from the 500 acre tract are some of the same tracts or parcels of land conveyed by Deed dated October 22, 1903 and recorded in Deed Book 138 page 392 by Benjamin S. Reynolds to Charles E. Reynolds.

334.    By Lease dated January 2, 1899 and recorded in Deed Book 107 page 39, B. S. Reynolds leased to H.H. Edinger his oil and gas interests underlying the 500 acre tract. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 58.)

335.    By Assignment dated June 2, 1899 and recorded in Deed Book 107 page 430, H. H. Edinger assigned to Southern Oil Company all its right, title and interest in the Lease recorded in Deed Book 107 page 39.

336.    Through various *mesne* conveyances, Dominion Exploration and Production, Inc was assigned the aforedescribed Lease.  By Partial Assignment dated December 22, 2009 and recorded in Deed Book 1440 page 344, Dominion Exploration and Production, Inc, et al assigned to Antero Resources Appalachian Corporation all its right, title and interest in the Lease recorded in Lease Book 107 page 39.

337.    By Modification of Oil and Gas Lease dated November 9, 2012 and recorded in Deed Book 1501 at page 659, Eugene H. Armstrong ratified and confirmed the aforementioned Lease recorded in Lease Book 107 at page 39. (See copy attached as Exhibit 59.)

338.    By Second Declaration of Pooling for the Alfred Unit dated January 1, 2011, of record in the Harrison County Clerk's Office in Lease Book 1502 page 65, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 107 page 39 is to be pooled as part of Tract 3 of the Alfred Unit.

73

339.    By Declaration of Pooling for the Gerrard Unit dated November 1, 2010, of record in the Harrison County Clerk's Office in Lease Book 1459 page 707, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 107 page 39 is to be Tract 7 of the Gerrard Unit.

340.    By the Fourth Amended Declaration of Pooling for the Haney Unit dated June 1, 2010, of record in the Harrison County Clerk's Office in Lease Book 1523 page 730, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 107 page 39 is to be Tracts 4, 4A-4H and 5 of the Haney Unit.

341.    By the Second Amended Declaration of Pooling for the Reynolds Unit dated July 1, 2010, of record in the Harrison County Clerk's Office in Lease Book 1501 page 1189, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 107 page 39 is to be Tracts 3A-3L the Reynolds Unit.

### F.5.    Horner and Payne Units

342.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Horner 1H (API # 47-033-05357); Horner 2H (API # 47-033-05358); and Payne 1H (API # 47-033-05305). Ownership Chain of Title is reflected in ¶¶ 343-350 and Leasehold Chain of Title is reflected in ¶¶ 351-353.

343.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests in those certain tracts of 79, acres, 31.5 acres, and 140 acres situated on the waters of Limestone Creek, Coal District, Harrison County, West Virginia. The interests are some of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene

H. Armstrong departed this life on August 18, 2015; and some are the same tracts or parcels of land conveyed to Plaintiff Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed Book 1177 at page 234.

344.    The said tract of 143 acres is one of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6, 2011.

345.    The said tract 143 acres is one of the same tracts or parcels of land inherited by T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

346.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in said tract of 143 acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

347.    Kate Hardin Reynolds inherited the interests in said tracts of 143 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

348.    By Deed dated June 1, 1961 and recorded in Deed Book 853 at page 923 Harley A. Wolfe, Clerk of the County Court of Harrison County, West Virginia conveyed to Fitzhugh Reynolds all the right title and interest in the oil and gas underlying the subject 143 acre tract that was taxed in the name of the M.E.O. Payne Heirs.

349.    In the 1932 Landbooks for Coal District, the Harrison County Assessor entered the oil and gas interest underlying the subject 143 acre tract reserved by Amos Payne and M.E.O. Payne in the name of the M.E.O. Payne.

350.    By Deed dated April 9, 1903, and recorded in Deed Book 136 at page 425, Amos Payne and Mary E.O. Payne conveyed the subject tract to Genius Payne, reserving to themselves a 1/6 interest in the oil and gas underlying the subject 143 acre tract.

351.    By Lease dated January 30, 1904 and recorded in Deed Book 143 page 277, Genius Payne, et al., leased to Reserve Gas Company his oil and gas interests underlying a 143 acre situate on the waters of Limestone Creek, Coal District, Harrison County, West Virginia. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 60.)

352.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Declaration of Pooling for the Horner Unit dated April 1, 2010, of record in the Harrison County Clerk's Office in Lease Book 1447 page 529, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 143 page 277 is to be Tract 3 of the Horner Unit.

353.    By Second Amended Declaration of Pooling for the Payne Unit dated August 1, 2009, of record in the Harrison County Clerk's Office in Lease Book 1472 page 956, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 143 page 277 is to be Tract 2 of the Payne Unit.

F.6.    McKinley and Mirth Units

354.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as McKinley 1H (API # 47-033-05198); McKinley 22H (API # 47-033-05199); Mirth 1H (API # 47-033-05693) and Mirth

2H (API # 47-033-05691). Ownership Chain of Title is reflected in ¶¶ 355-362 and Leasehold Chain of Title is reflected in ¶¶ 363-366.

355.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests underlying that certain tract of 203 acres situated on the waters of Kinchloe Creek, Union District, Harrison County, West Virginia. The interests in one of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene H. Armstrong departed this life on August 18, 2015; and one of the same tracts or parcels of land conveyed to Plaintiff Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed Book 1177 at page 234.

356.    The said interests in said tract of 203 acres is part of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6, 2011.

357.    The said tract of 203 acres is one of the same tracts or parcels of land inherited by T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

358.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in said tract of 203, acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

359.    Kate Hardin Reynolds inherited the interests in said tract of 203 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

360.    By Deed dated August 19, 1950 and recorded in Deed Book 693 at page 309, Daisy H. Young conveyed to Thomas Fitzhugh Reynolds the interests in said tract of 203 acres.

361.    Daisy H. Young inherited the interests in said tract of 200 acres from Harriet Hall, her mother, by intestate succession and from Ida Somerville by Will dated February 6, 1946 and recorded in Will Book 29 at page 174.

362.    Ida Somerville inherited the interests in said tract of 203 acres from her father, E. J. Rightmire.

363.    By Lease dated February 6, 1900 and recorded in Deed Book 112 page 476, E. J. Rightmire leased to Fred Reich his oil and gas interests underlying said tract of 203 acres situated on the waters of Kinchloe Creek, Union District, Harrison County, West Virginia. The Lease is a flat rate royalty lease which does **not** authorize post-production expenses. (See copy attached as Exhibit 61.)

364.    By Modification of Oil and Gas Lease dated December 1, 1986 and recorded in Deed Book 1169 at page 246, Peggy Armstrong ratified and confirmed the aforementioned Lease recorded in Lease Book 112 at page 3476.

365.    By Declaration of Pooling for the McKinley Unit dated April 1, 2009, of record in the Harrison County Clerk's Office in Lease Book 1432 page 140, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 112 page 476 is to be Tract 3 of the McKinley Unit.

366.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Amended Declaration of Pooling for the Francis Unit dated May 1, 2013, of record in the Harrison County Clerk's Office in Lease Book 1511 page 568, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 112 page 476 is to be part of Tract 8 of the Mirth Unit.

F.7.    Snider Unit

367.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are being paid royalties by Defendant Antero on wells identified on the royalty statements as Snider 1H (API #47-033-05561) and Snider 2H (API # 47-033-05558). Ownership Chain of Title is reflected in ¶¶ 368-372 and Leasehold Chain of Title is reflected in ¶¶ 373-375.

368.    Plaintiffs Richard L. Armstrong and Donald R. Reynolds are the owners of oil and gas interests underlying that certain tract of 56.6 acres situate on the waters of Limestone Creek, Union District, Harrison County, West Virginia. The interests are of the same tracts or parcels of land inherited by Richard L. Armstrong from the Estate of Eugene H. Armstrong through Will dated April 22, 1987 and recorded in Will Book 187 page 680. Eugene H. Armstrong departed this life on August 18, 2015; and one of the same tracts or parcels of land conveyed to Plaintiff Donald R. Reynolds by T. Marie Reynolds by deed dated August 6, 1987 and recorded in Deed Book 1177 at page 234.

369.    The said interests in said tract of 56.6 acres is part of the same tracts or parcels of land inherited by Eugene H. Armstrong from the Estate of Peggy Ann Armstrong by Will dated April 22, 1987 and recorded in Will Book 173 page 866. Peggy Ann Armstrong passed away on July 6, 2011.

370.    The said tract of 56.6 acres is one of the same tracts or parcels of land inherited by T. Marie Reynolds from Thomas G. Reynolds by Will dated May 16, 1984 and recorded in Will Book 108 page 334. Thomas G. Reynolds passed away on February 22, 1986.

371.    Thomas G. Reynolds and Peggy A. Armstrong inherited the interests in said tract of 56.6 acres from Kate Hardin Reynolds by Will dated July 11, 1984 and recorded in Will Book 104 at page 393. Kate Hardin Reynolds passed away on July 22, 1984.

372.    Kate Hardin Reynolds inherited the interests in said tract of 56.6 acres from Thomas Fitzhugh Reynolds by Will dated July 30,1969 and recorded in Will Book 78 at page 326. Thomas Fitzhugh Reynolds passed away on November 7, 1970.

373.    By Lease dated June 18, 1979 and recorded in Deed Book 1087 page 413, Kate Reynolds leased to James F. Scott lease her oil and gas interests underlying the 56.60 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 62.)

374.    By Modification of Oil and Gas Lease dated March 8, 2011 and recorded in Deed Book 1464 at page 871, Peggy Armstrong and Eugene Armstrong ratified and confirmed the aforementioned Lease recorded in Lease Book 1087 at page 413. (See copy attached as Exhibit 63.)

375.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Amended Declaration of Pooling for the Snider Unit dated August 1, 2011, of record in the Harrison County Clerk's Office in Lease Book 1484 page 606, Defendant Antero declared that the lease referenced in said Clerk's Office in Deed Book 1087 page 413 is to be part of Tract 5 of the Snider Unit.

### G.    *INTERESTS OWNED BY PLAINTIFF DONALD R. REYNOLDS IN DODDRIDGE  COUNTY, WEST VIRGINIA*

376.     The allegations of Paragraphs 376 through 386 relate to interests owned by Plaintiff Donald R. Reynolds in Well Units named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks that are situated in Doddridge County, West Virginia. The document book and page number refer to records located in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

### G.1.     Ahouse, Amanda (Tracts 11), Callie, and Zellerback Units

377.     Plaintiff Donald R. Reynolds is being paid royalties by Defendant Antero on wells identified on the royalty statements as Ahouse 1H (API # 17-017-06190) and Ahouse 2H (API # 47-017-06191); Callie 1H (API # 17-017-06192); Callie 2H (API # 47-017-06193); and Zellerback 1H (API #47-017-06430). Ownership Chain of Title is reflected in ¶ 378 and Leasehold Chain of Title is reflected in ¶¶ 379-382.

378.     Plaintiff Donald R. Reynolds is the owner of oil and gas interests underlying that certain tract of 48 acres situated on the waters of Cabin Run and Clylick Run, Central District, Doddridge County, West Virginia conveyed by Janice Ellifrett, Clerk of the County Commission of Doddridge county, West Virginia by deed dated April 2, 2007 and recorded in Deed Book 271 at page 468.

379.     By Lease dated July 23, 2013, Donald R. Reynolds leased to Antero Resources Corporation his oil and gas interests underlying the 48 acre tract, and of record in the Clerk's Office in Lease Book 310 at page 726. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 64.)

380.     By Amended Declaration of Pooling for the Ahouse Unit dated March 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 392 page 456, Defendant Antero

declared that the lease referenced in said Clerk's Office in Deed Book 310 page 726 is to be part of Tract B of the Ahouse Unit.

381.    By Second Amended Declaration of Pooling for the Amanda Unit dated August 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 469 at page 240, Defendant Antero declared that the lease referenced in said Clerk's Office in Deed Book 310 at page 726 is to be part of Tract F of the Amanda Unit.

382.    By Amended Declaration of Pooling for the Zellerback Unit dated August, 2014, of record in the Doddridge County Clerk's Office in Lease Book 421 page 344, Defendant Antero declared that the lease referenced in said Clerk's Office in Deed Book 310 page 726 is to be part of Tract G of the Zellerback Unit.

### G.2.    Amanda Unit

383.    Plaintiff Donald R. Reynolds is being paid royalties by Defendant Antero on wells identified on the royalty statements as Ahouse 1H (47-017-06431) and Ahouses 2H (API # 47-017-06432). Ownership Chain of Title is reflected in ¶ 384 and Leasehold Chain of Title is reflected in ¶¶ 385-386.

384.    Plaintiff Donald R. Reynolds is the owner of oil and gas interests underlying that certain tract of 48 acres situate on the waters of Claylick Run and Leason Run, Central District, Doddridge County, West Virginia conveyed by Janice Ellifrett, Clerk of the County Commission of Doddridge county, West Virginia by deed dated April 10, 2010 and recorded in Deed Book 299 at page 510.

385.    By Lease effective November 31, 2014, Donald R. Reynolds leased to Antero Resources Corporation his oil and gas interests underlying the 15.5 acre tract, a Memorandum of Lease for which is of record in the Clerk's Office in Lease Book 425 at page 90. Upon

information and belief, this Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 65.)

386.    By Second Amended Declaration of Pooling for the Amanda Unit dated August 1, 2014, of record in the Doddridge County Clerk's Office in Lease Book 469 at page 240, Defendant Antero declared that the lease referenced in said Clerk's Office in Deed Book 425 page 90 is to be part of Tract F of the Amanda Unit.

### H.    INTERESTS OWNED BY PLAINTIFF DONALD R. REYNOLDS IN HARRISON COUNTY, WEST VIRGINIA

387.    The allegations of Paragraphs 387 through 393 relate to interests owned by Plaintiff Donald R. Reynolds in Well Units situated in Harrison County, West Virginia named by Defendant Antero and identified by Well Unit well number on their royalty statements attached to their royalty checks. The document book and page number refer to records located in the Office of the Clerk of the County Commission of Harrison County,

H.1.    Myers and Winnie Units

388.    Plaintiff Donald R. Reynolds is being paid royalties by Defendant Antero on wells identified on the royalty statements as Myers 1H (API # 47-033-05700); Winnie 1H (API # 47-033-05612); and Winnie 2H (API # 17-033-05613). Ownership Chain of Title is reflected in ¶ 389 and Leasehold Chain of Title is reflected in ¶¶ 390-393.

389.    Plaintiff Donald R. Reynolds is the owner of oil and gas interests underlying that certain tract of 113.2 acres situate on the waters of Isaac Creek, Union District, Harrison County, West Virginia conveyed by G. Russell Rollyson, appointee of Glen B. Gainer III, State Auditor, West Virginia by Deed dated September 10, 2014 and recorded in Deed Book 333 page 460, the interests in the name of Dorothy Lea Mahoney.

390.    By Lease effective November 31, 2014, Donald R. Reynolds leased to Antero Resources Corporation his oil and gas interests underlying the 15.5 acre tract, a Memorandum of Lease for which is of record in the Clerk's Office in Lease Book 425 at page 90. Upon information and belief, this Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See Exhibit 65.)

391.    By Lease dated August 24, 1971 and recorded in Deed Book 999 page 1133 Winnie L. Waggoner, et al leased to Consolidated Gas Supply Corp. their oil and gas interests underlying a 125 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 66.)

392.    Through various *mesne* conveyances, Defendant Antero was assigned the aforedescribed Lease.  By Second Amended Declaration of Pooling for the Myers Unit dated July 1, 2013, of record in the Doddridge County Clerk's Office in Deed Book 1515 at page 1110, Defendant Antero declared that the lease referenced in said Clerk's Office in Deed Book 999 page 1133 is to be part of Tract 5 of the Myers Unit.

393.    By Declaration of Pooling for the Winnie Unit dated June 1, 2012, of record in the Doddridge County Clerk's Office in Deed Book 1494 at page 721, Defendant Antero declares that the lease referenced in said Clerk's Office in Deed Book 999 page 1133 is to be part of Tract 1 of the Winnie Unit.

### I.    ALLEGATIONS AS TO INTERESTS OWNED BY PLAINTIFF DEBORAH L. WYCKOFF IN DODDRIDGE COUNTY, WEST VIRGINIA

394.    The allegations of Paragraphs 394 through 419 relate to interests owned by Deborah L. Wyckoff in Well Units situated in Doddridge County, West Virginia named by Defendant Antero and identified by well number on her royalty statements attached to her

royalty checks . The document book and page number refer to records located in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

### I.1.   Right Hand Grimsdale, Nickers and Right Hand Units

395.   Plaintiff Deborah L. Wyckoff is being paid royalties by Defendant Antero on wells identified on the royalty statements as Right Hand Grimsdale 2H (API # 47-017-06358); Nickers 2H (API # 47-017-06311); Nickers 3H (API # 47-017-06333); Right Hand 1H ( API # 47-017-06173); and Right Hand 2H ( API # 47-017-06174). Ownership Chain of Title is reflected in ¶¶ 396-397 and Leasehold Chain of Title is reflected in ¶¶ 398-409.

396.   Plaintiff Deborah L. Wyckoff is the owner of oil and gas interests underlying those certain tracts of 156 acres and 211 acres situated on the waters of Little Tom's Fork, New Milton District, Harrison County, West Virginia and being interests inherited from the Estate of Stokes A. Hurst, Jr. through Will dated June 11, 2009 and recorded in Will Book 43 page 1. Stokes A. Hurst, Jr. departed this life on July 11, 2010.

397.   The said tracts of 156 acres and 211 acres are part of the same tracts or parcels of land inherited by Stokes A. Hurst, Jr. from Stokes A. Hurst, Sr., by Will dated November 3, 1988 and recorded in Will Book 21 page 599. Stokes A. Hurst, Jr. departed this life on July 10, 1990.

398.   By Lease dated May 28, 1960 and recorded in Lease Book 69 at page 190, Stokes A. Hurst, Jr. leased to Big Injun Oil and Gas Co., Inc. his oil and gas interests underlying the 156 acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 67.)

399.   By Lease dated June 11, 1960 and recorded in Lease Book 69 at page 187, Stokes A. Hurst leased to Big Injun Oil and Gas Co., Inc. his oil and gas interests underlying the 211

acre tract. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 68.)

400.    By Assignment dated July 8, 1961, and recorded in Lease Book 69 at page 257, Big Injun Oil & Gas Co.., Inc. transferred to B.K. Slaughter and Grace N. Slaughter the leases recorded in Lease Book 69 at pages 187 and 190.

401.    By Assignment dated November 11, 1961 and recorded in Lease Book 72 at page 206, Big Injun Oil &Gas Co., Inc. transferred to B.K. Slaughter and Grace N. Slaughter the leases  recorded in Lease Book 69 at pages 187 and 190.

402.    By document dated November 11, 1961 and recorded in Lease Book 72 at page 162,  Stokes Hurst, Jr. ratified the lease dated June 11, 1960 and recorded in Lease Book 69 at page 187. (See copy attached as Exhibit 69.)

403.    By Assignment dated December 2, 1961 and recorded in Lease Book 72 at page 206, B.K. Slaughter and Grace N. Slaughter transferred to Devonian Gas & Oil Company the leases recorded in Lease Book 69 at pages 187 and 190.

404.    By Assignment dated June 15, 1964 and recorded in Lease Book 84 at page 130, Quaker State Oil Refining Corporation transferred to Devonian Gas & Oil Company the leases recorded in Lease Book 69 at pages 187 and 190.

405.    By assignment, Conveyance and Bill of Sale dated August 8, 1995 and recorded in Lease Book 175 at page 466, Quaker State Corporation, QSE&P, Inc., Quaker State 1986-2 Drilling Fund, L,P, Quaker State 1987-1 Drilling Fund, L.P., Quaker State 1988-1 Drilling Fund, L.P., and Quaker State 1989-1 Drilling Fund, L.P. transferred to Belden & Blake Corporation the leases recorded in Lease Book 69 at pages 187 and 190.

406.    By Assignment, Conveyance and Bill of Sale dated December 1, 1996 and recorded in Lease Book 181 at page 114, Belden & Blake Corporation conveyed to Peake Energy, Inc. all its right , title and interest in those leases conveyed in LB 175 at page 466, including the leases  recorded in Lease Book 69 at pages 187 and 190.

407.    By Assignment, Conveyance and Bill of Sale dated December 21, 2012 and recorded in Lease Book 285 at page 84, EXCO Production Company, EXCO Resources, LLC, and BG Production Company transferred to Antero Resources Appalachian Corporation (now known as Antero Resources Corporation) various leaseholds in Doddridge County including the leases  recorded in Lease Book 69 at pages 187 and 190.

408.    By Amended Declaration of Pooling for the Right Hand Grimsdale Unit, formerly Right Hand Unit, dated June 1, 2013, of record in the Doddridge County Clerk's Office in Lease Book 323 at page 567, Defendant Antero declared that the leases referenced in said Clerk's Office in Lease Book 69 at pages 187 and 190 are to be part of Tracts B and C of the Righthand Grimsdale Unit.

409.    By Declaration of Pooling for the Nickers Unit, dated May 1, 2014 and of record in the Doddridge County Clerk's Office in Lease Book 346 at page 550, Defendant Antero declared that the leases referenced in said Clerk's Office in Lease Book 69 at pages 187 and 190 are to be part of Tracts A1 and A2 of the Nickers Unit.

I.2.    Costlow and Duff

410.    Plaintiff Deborah L. Wyckoff is being paid royalties by Defendant Antero on wells identified on the royalty statements as Costlow 1H (47-017-06194); Costlow 2H (API # 47-017-06220); Duff 1H (API # 47-017-06246); and Duff 2H (API # 47-017-06247).  Ownership Chain of Title is reflected in ¶ 411 and Leasehold Chain of Title is reflected in ¶¶ 412-414.

87

411.    Plaintiff Deborah L. Wyckoff is the owner of 2.5% of 8/8ths overriding royalty interest  in that oil and Gas Lease dated October 23, 1953 and recorded in Lease Book 60 at page 147 (See copy attached as Exhibit 70) in that certain tract of 101 acres situated on the waters of Little Flint Run and Poverty Run, Grant District, Harrison County, West Virginia and being interests inherited by Deborah L. Wyckoff from the Estate of Stokes A. Hurst, Jr. through Will dated June 11, 2009 and recorded in Will Book 43 page 1. Stokes A. Hurst, Jr. departed this life on July 11, 2010.

412.    By Assignment of Oil & Gas Lease dated May 30, 2013 and recorded in Lease Book 304 at page 73, Deborah L. Wyckoff assigned to Antero Resources Corporation 85% net revenue interest in Lease dated October 23, 1953 and recorded in Lease Book 60 at page 147. This Lease does **not** authorize post-production expenses. (See copy attached as Exhibit 71.)

413.    By Declaration of Pooling for the Costlow Unit, dated June 1, 2013 and of record in the Doddridge County Clerk's Office in Lease Book 378 at page 586, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 60 at page 147 is to be part of Tract E of the Costlow Unit.

414.    By Amended Declaration of Pooling for the Duff Unit, dated November 1, 2013 and of record in the Doddridge County Clerk's Office in Lease Book 479 at page 672, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 60 at page 147 is to be part of Tract H of the Duff Unit.

I.3.    Hormels and Ridge Units

415.    Plaintiff Deborah L. Wyckoff is being paid royalties by Defendant Antero on wells identified on the royalty statements as Hormels 1H (47-017-06555); Hormels 2H (API #

47-017-06556);.Ridge 1H (47-017-06716) and Ridge 2H (API # 47-017-06717). Ownership Chain of Title is reflected in ¶ 416 and Leasehold Chain of Title is reflected in ¶¶ 417-419.

416.    Plaintiff Deborah L. Wyckoff is the owner of oil and gas interests underlying that certain tract of 42.5 acres situated on the waters of Long Run, Central District, Doddridge County, West Virginia conveyed by G. Russell Rollyson, appointee of Glen B. Gainer III, State Auditor, West Virginia by dated April 1, 2012 and recorded in Deed Book 300 page 278, being the interests in the name of Thomas H. Harris.

417.    By Lease dated October 22, 2014, and recorded in Lease Book 374 at page 574, Plaintiff Deborah L. Wyckoff leased to Antero Resources Corporation her oil and gas interests underlying the 42.5 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 72.)

418.    By Amended Declaration of Pooling for the Hormels Unit dated October 25, 2019 and of record in said Clerk's Office in Lease Book 488 at page 689, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 374 at page 574 is to be pooled as part of Tract D3 of the Hormels Unit.

419.    By Declaration of Pooling for the Ridge Unit dated April 1, 2016, of record in said Clerk's Office in Lease Book 422 at page 583, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 374 at page 574 is to be pooled as part of Tract D of the Ridge Unit.

### J.    INTERESTS OWNED BY PLAINTIFF DEBORAH WYCKOFF IN RITCHIE COUNTY, WEST VIRGINIA

420.     The allegations of Paragraphs 420 through 431 relate to interests owned by Deborah L. Wyckoff in Well Units situated in Ritchie County, West Virginia named by Defendant Antero and identified by well number on her royalty statements attached to her royalty checks . The document book and page number refer to records located in the Office of the Clerk of the County Commission of Ritchie County, West Virginia.

### J.1.     Alliance, Aubie, Charleston, and Deem Units

421.     Plaintiff Deborah L. Wyckoff is being paid royalties by Defendant Antero on wells identified on the royalty statements as Alliance 1H (47-085-10274); Alliance 2H (47-085-10275); Aubie 1H (47-085-10193); Aubie 2H (47-085-10194); Aubie 3H (47-085-10233); Charleston 2H (47-085-10268); Charleston 3H (47-085-10244); and Deem 2H (47-085-10269). Ownership Chain of Title is reflected in ¶ 422 and Leasehold Chain of Title is reflected in ¶¶ 423-427.

422.     Plaintiff Deborah L. Wyckoff is the owner of oil and gas interests underlying that certain tract of 200 acres situated on the waters of Gnat's Run and the North fork of the Hughes River, Clay District, Ritchie County, West Virginia and being interests inherited from the Estate of Louise Bunner Hurst. through intestate succession and from Stokes Hurst, Jr., by Will dated February June 17, 2018 and recorded in Will Book 51 page 735. Louise Bunner Hurst departed this life on April 19,1997.

423.     By Lease dated July 7, 2015, and recorded in Lease Book 286 at page 367, Plaintiff Deborah L. Wyckoff leased to Antero Resources Corporation her oil and gas interests underlying the 200 acre tract. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 73.)

424.    By Declaration of Pooling for the Alliance Unit dated January 1, 2016, of record in said Clerk's Office in Lease Book 301 at page 960, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 286 at page 367 is to be pooled as part of Tract E2 of the Alliance Unit.

425.    By Amended Declaration of Pooling for the Aubie Unit dated January 1, 2016 and of record in said Clerk's Office in Lease Book 302 at page 611, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 286 at page 367 is to be pooled as part of Tract D3 of the Aubie Unit.

426.    By Declaration of Pooling for the Charleston Unit dated March 1, 2016 and of record in said Clerk's Office in Lease Book 302 at page 56, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 286 at page 367 is to be pooled as part of D1 and D3 of the Charleston Unit.

427.    By Declaration of Pooling for the Deem Unit dated March 1, 2016 and of record in said Clerk's Office in Lease Book 302 at page 1, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 286 at page 367 is to be pooled as part of Tract D1 of the Deem Unit.

### J.2.    Western Unit

428.    Plaintiff Deborah L. Wyckoff is being paid royalties by Defendant Antero on wells identified on the royalty statements as Western 1H (47-085-10293) and Western 2H (47-085-10294). Ownership Chain of Title is reflected in ¶ 429 and Leasehold Chain of Title is reflected in ¶¶ 430-431.

429.    Plaintiff Deborah L. Wyckoff is the owner of oil and gas interests underlying that certain tract of 40 acres situated on the waters of Gnat's Run and the North Fork of the Hughes

River, Clay District, Ritchie County, West Virginia and being interests reserved by Deborah L. Wyckoff by deed dated January 11, 2011 and recorded in Deed Book 310 at page 145 wherein she conveyed the surface of said 40 acres to Michael J. Bunner, inherited from the Estate of Louise Bunner Hurst, through intestate succession and from Stokes Hurst, Jr., by Will dated February June 17, 2018 and recorded in Will Book 51 page 735. Louise Bunner Hurst departed this life on April 19,1997.

430.    By Lease dated March 8, 2013, Plaintiff Deborah L. Wyckoff leased to Antero Resources Corporation her oil and gas interests underlying the 40 acre tract, a Memorandum of Lease for which is of record in the Clerk's Office in Lease Book 264 at page 618. This Lease contains Antero's Market Enhancement (Gross Proceeds) clause and does **not** authorize post-production expenses. (See copy attached as Exhibit 74.)

431.    By Declaration of Pooling for the Western Unit dated January 1, 2017, of record in said Clerk's Office in Lease Book 305 at page 518, Defendant Antero declared that the lease referenced in said Clerk's Office in Lease Book 264 at page 618 is to be pooled as part of Tract 9A and 9B of the Western Unit.

## K.    FACTS OF PLAINTIFFS AND CLASSES

432.    Plaintiffs and the Classes are parties to Lease Agreements referenced above under which Antero has paid royalties to them on gas produced by Antero from wells located in West Virginia which are subject to the Lease Agreements.

433.    None of the Lease Agreements allow post-production expense deductions to be taken from the gross royalty payments to the Plaintiffs.

434.    Although Defendant Antero is not authorized to take post-production expense deductions from the gross royalty payments due to Plaintiffs and the Classes, Defendant Antero

has taken post-production expense deductions from gross royalty payments since as early as January 2010.

435.    Plaintiffs Armstrong, Reynolds, Mike Wright, Susan Wright and Cox are receiving royalty payments from which post-productions expenses have been improperly deducted from gross production pursuant to the flat rate leases attached and identified as Exhibits 38, 47, 52, 57, 58, 60, and 61.

436.    All Plaintiffs are receiving royalty payments from which post-production expenses have been improperly deducted from the production calculated at the point of sale under leases containing Antero's Gross Proceeds Market Enhancement clause, attached and identified as Exhibits 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,  20, 21, 50, , 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 49, 50, 63, 64, 65, 66, 73, and 74.

437.    Under each of the Lease Agreements attached hereto as Exhibits, Antero, as the Lessee, impliedly covenants that it will market the gas produced from the wells subject to those Lease Agreements. Antero's implied duty to market  includes the responsibility to place the gas into a marketable condition, and to transport the marketable gas products to the market. Pursuant to Antero's duty to market, Antero is obligated to pay the Plaintiffs, as Lessors, royalties based upon their share of 1/8th of the proceeds received from the purchasers of the marketable gas products at the point of sale, without deductions. *Estate of Tawney v. Columbia Natural Resources, LLC,* 633 S.E.2d 22, 27-30 (W. Va. 2006); *Wellman v. Energy Resources, Inc.,* 557 S.E.2d 254, 265 (W. Va. 2001).

438.    There is no language in the 1984 Lease Agreement or the 1979 Lease Agreement which provides that Antero, in its calculation and payment of royalties to the Plaintiffs, is permitted to deduct any of the costs incurred between the wellhead and the

point of sale of the marketable gas products, and therefore Antero is not permitted to deduct any such costs in its calculation of royalties paid to Plaintiffs. *Tawney,* 633 S.E.2d at 30.

439.    The gas produced by Antero from the wells subject to the 1984 and 1979 Lease Agreements is "wet gas", meaning that it is saturated with liquid hydrocarbons. The gas produced by Antero from the wells subject to these two Lease Agreements must be treated and processed to separate residue gas from heavy hydrocarbon liquids and contaminants, such as nitrogen and carbon dioxide, in order to obtain marketable residue gas, which is then sold to third party purchasers.

440.    The wet gas produced by Antero from the wells subject to the 1984 and 1979 Lease Agreements contains valuable liquid hydrocarbon components. In order  to transform those liquid hydrocarbons into marketable natural gas liquid products, the liquid hydrocarbons must be extracted from the raw gas stream at a processing plant, and thereafter fractionated into marketable natural gas liquid products at a fractionation facility, so that marketable ethane, butane, isobutane, propane, pentane, hexane and other hydrocarbpns ("the marketable natural gas liquid products") can be sold to third party purchasers.

441.    In its production and sale of natural gas and marketable natural gas liquid products which were produced from the wells subject to the 1984 and the 1979 Lease Agreements, Antero, or those acting on its behalf, consistently: (1) produced raw gas from the Class members' wells which contained both natural gas and valuable liquid hydrocarbons; (2) transported the raw gas produced from the wells at issue to a processing plant, where the valuable natural gas liquids were extracted from the raw gas which came from the Class members' wells, into a Y Grade mix of natural gas liquids; (3) conditioned and treated the gas so that the remaining "residue gas" conformed to the quality

specifications of the interstate pipeline into which the residue gas was delivered and sold to third party purchasers; and (4) transported the Y Grade mix of extracted natural gas liquids to a fractionation facility so that the Y Grade mix could be fractionated into marketable natural gas liquid products- ethane, butane, isobutane, propane, pentane, hexane and other hydrocarbons -and thereafter sold to third party purchasers by Antero, or other entities to whom Antero had delegated the duty to convert the raw gas into marketable natural gas liquids and to sell such marketable natural gas liquids to third party purchasers at the point of sale.

442.    In its calculation and payment of royalties paid to Plaintiffs, Antero has consistently underpaid the royalties owed to Plaintiffs, by: (1) failing to pay royalties based upon the sales price received on the sale of residue gas which was obtained from wells subject to the 1984 and 1979 Lease Agreements, at the point of sale; (2) failing to pay royalties based upon the sales price received at the point of sale on the sale of marketable natural gas liquid products which were obtained from the wells subject to the 1984 and 1979 Lease Agreements; and (3) improperly deducting from the sale prices received on the sale of marketable residue gas and the marketable natural gas liquid products various post-production costs and expenses, including expenses for treating, compression, fuel, gathering, transportation to the point of sale, processing, fractionation, and other expenses incurred in transforming the raw gas produced from the wells into marketable natural gas products.

443.    Under each of the Lease Agreements described in the Class definition, Antero has the same implied duty to market the gas, and the same royalty payment obligations to the royalty payees, as it does to the Plaintiffs under each of the Leases referenced above.

95

444.    There is no language in the Lease Agreements described in the Class definition which provides that Antero, in its calculation and payment of royalties to the Class members, *is* permitted to deduct any of the costs incurred between the wellhead and the point of sale of the marketable gas products, and therefore Antero is not permitted to deduct any such costs in its calculation of royalties paid to the Class members. *Tawney,* 633 S.E.2d at 30.

445.    The gas produced by Antero from the wells subject to the Lease Agreements described in the Class definition is the same type of "wet gas" described in Paragraphs 439-440 of this Complaint.

446.    In its production and sale of natural gas and natural gas liquids which came from the wells subject to the Lease Agreements described in the Class definition, Antero, or those acting on its behalf, consistently: (1) produced natural gas from the Class members' wells which contained both natural gas and valuable liquid hydrocarbons; (2) transported the gas produced from the wells at issue to a processing plant where the valuable natural gas liquids were extracted from the gas which came from the Class members' wells, into a Y Grade mix of natural gas liquids; (3) conditioned and treated the gas so that the remaining "residue gas" conformed to the quality specification of the interstate pipeline into which the residue gas was delivered and sold; and (4) transported the "Y Grade" mix of extracted natural gas liquids to a fractionation facility so that the Y Grade mix could be fractionated into marketable natural gas liquids- ethane, butane, isobutane, propane, pentane, hexane and other hydrocarbons - and thereafter sold to third party purchasers by Antero, or other entities to whom Antero had delegated the duty to convert the raw gas into marketable natural gas liquid products and to sell such marketable natural gas liquid products to third party purchasers.

96

447.    In its calculation and payment of royalties paid to the members of the defined Class who are payees under the Royalty Agreements described in the Class definition, Antero has consistently underpaid the royalties owed to such Class members by: (1) failing to pay royalties based upon the sales prices received on the sale of residue gas which was obtained from wells subject to the Royalty Agreements, at the point of sale; (2) failing to pay royalties based upon the sales price received at the point of sale on the sale of marketable natural gas liquid products which were obtained from the wells subject to the Royalty Agreements at the point of sale; and (3) improperly deducting from the sale prices received on the sale of marketable residue gas and the marketable natural gas liquid products various post-production costs and expenses, including expenses for treating, compression, fuel, gathering, transportation to  the point of sale, processing, fractionation, and other expenses incurred in transforming the raw gas produced from the Class members' wells into marketable natural gas products.

448.    By underpaying the royalties owed to Plaintiffs and the Class in the manner described above, Antero has breached its contractual obligations to Plaintiffs and the Class under the Lease Agreements.

449.    As a result of Antero's breaches of its royalty payment obligations under the Lease Agreements, Plaintiffs and the Class have sustained substantial damages.

450.    On information and belief, the WASP (Weighted Average Sales Price) as calculated by Defendant Antero is weighted in favor of the interests of Defendant Antero and against the interests of Plaintiffs and the Classes, thereby causing Plaintiffs a loss of royalties to which they are entitled.

451.    Defendant Antero is the only entity which holds the information necessary to determine the propriety and accuracy of the royalty payments.

97

Count I – <u>Failure to Properly Account for Royalties</u>

452.    Defendant Antero has an affirmative duty to account for and pay Plaintiffs and the Class the true and correct royalty due to them by virtue of the above described Leases, the contractual duty of good faith and fair dealing implied in all contracts, and by virtue of its contractual duty and responsibility of an oil and gas lessee who is responsible for the production, marketing and sales of natural gas, oil, casinghead gas and/or by products.

453.    Defendant Antero intentionally violated its contractual duties by sending to Plaintiffs and the Class statements and/or accountings which omitted, concealed and or misrepresented information used to determine the amount of money received by Defendant Antero for the gas and natural gas liquids produced from the above described wells.

454.    Plaintiffs and the Class are entitled to an accounting of all proceeds from sales of the oil, gas and other by-products of the wells described above in ¶¶ 25, 44, 62, 67, 80, 86, 93, 109, 126, 137, 144, 150, 156, 163, 175, 192, 200, 209, 223, 237, 244, 255, 264, 269, 281, 287, 298, 311, 325, 342, 354, 367, 377, 383, 388, 395, 410, 415, 421, and 428, and any deductions therefrom made by Defendant Antero.

Count II – <u>Breach of Contract for Failure to Pay Royalties Due</u>

455.    Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

456.    Defendant Antero has an affirmative duty to account for and pay Plaintiffs and the Class the true and correct royalties due to them by virtue of the above described Leases, the contractual duty of good faith and fair dealing implied in all contracts, and by virtue of its duty and responsibility as an oil and gas lessee who is responsible for the production, marketing and sales of natural gas, oil casinghead gas and/or byproducts.

98

457.    Defendant Antero has an affirmative duty to pay to Plaintiffs and the Class the true and correct royalties due them by virtue of the Leases described above and/or by virtue of the duty of good faith and fair dealing in all contracts under West Virginia common law, and by virtue of the duty and responsibility of the lessee in any oil and gas lease who assumes the duty of handling the sales and accounting functions of the parties.

458.    Defendant Antero has breached the terms of the Lease Agreements by failing to pay Plaintiffs and the Class the royalties they are owed from the production of the wells described above in ¶¶ 25, 44, 62, 67, 80, 86, 93, 109, 126, 137, 144, 150, 156, 163, 175, 192, 200, 209, 223, 237, 244, 255, 264, 269, 281, 287, 298, 311, 325, 342, 354, 367, 377, 383, 388, 395, 410, 415, 421, and 428 utilizing the WASP determined by Defendant Antero.

459.    The Leases and contracts among Plaintiffs and the Class and Defendant Antero do not allow for deductions from the gross revenue for expenses of the wells, transportation of gas or for any other reason in calculating the royalties due Plaintiffs and the Class.

460.    By wrongfully making the deductions from payment of royalties due Plaintiffs and the Class as described above, Defendant Antero has breached the terms of the Lease contracts between them.

461.    Plaintiffs have performed all obligations pursuant to the subject Lease Agreements and Modification of Oil and Gas Lease.

462.    Plaintiffs and the Class are entitled to damages for the wrongful deductions withheld and taken from their royalty payments.

**WHEREFORE**, Plaintiffs and the Classes respectfully request that this Court enter Judgment against Defendant Antero Resources Corporation as follows:

99

A.      An Order certifying this case as a Fed. R. Civ. P. 23(b)(3) class action, appointing each of the Plaintiffs as the Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel for the Plaintiff Class;

B.      Order Defendant Antero to account for all proceeds from the sale of the oil, gas and other by-products from the wells described above and for all expenses taken therefrom in calculating royalties owed to Plaintiffs and the Classes.

C.      Award damages for breach of contract in the amount to be determined by the Court;

D.      Award Plaintiff's attorneys' fees, costs and expenses;

E.      Award Pre-judgment and post-judgment interest; and

F.      Award such other and further relief as this Court deems proper and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

**PATRICK MICHAEL WRIGHT,**
**PATRICIA SUSAN WRIGHT,**
**DEBORAH ANN COX,**
**RICHARD L. ARMSTRONG,**
**DONALD R. REYNOLDS, and,**
**DEBORAH L. WYCKOFF**
            **By Counsel**


**By Counsel**

/s/ Samuel A. Hrko
Samuel A. Hrko (WVSB #7727)
Jonathan R. Marshall (WVSB #10580)
Victor S. Woods (WVSB #6984)
**BAILEY & GLASSER, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
shrko@baileyglasser.com

100

jmarshall@baileyglasser.com
vwoods@baileyglasser.com

/s/ William E. Ford III
William E. Ford III (WVSB # 1246)
**FORD LAW OFFICE**
217 East Main St.
Clarksburg, WV  26301
Telephone: (304) 626-3116
Facsimile: (304) 626-3300
clarksburgwvlawyer@gmail.com

/s/ Scott A. Windom
Scott A. Windom (WVSB # 7812)
**WINDOM LAW OFFICES, PLLC**
101 East Main Street
Harrisville, WV 26362
Telephone: (304) 643-4440
Facsimile: (304) 643-2947
swindom@windomlawoffices.com